WILLIAM J. CRIPPS *v.* LIQUOR CONTROL COMMISSION.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND INGLIS, JS.

694

Argued February 2—decided April 18, 1944.

*Leo V. Gaffney,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the appellant (defendant).

*Michael V. Blansfield,* for the appellee (plaintiff).

BROWN, J. These facts material to our decision upon this appeal are not in dispute: The plaintiff is the holder of a tavern permit covering premises in Woodbury operated by him as a tavern. He was summoned to a hearing before the defendant on June 8, 1942, to answer charges preferred by it, among them one that he had violated § 1071c of the Cumulative Supplement, 1935, of the General Statutes by the sale or delivery of alcoholic liquor to a minor. He appeared with counsel. After hearing, the defendant imposed a three weeks suspension of his permit for this violation. Upon appeal, the Court of Common Pleas concluded that the defendant "acted arbitrarily, illegally or in

abuse of its discretion in suspending, upon the evidence before it, the license of the plaintiff permittee for violation of Section 1071c," and as to that charge sustained his appeal. The present appeal on behalf of the defendant is from that judgment. At the hearing before the defendant, testimony was produced to prove the violation charged, but the plaintiff elected to offer no evidence in his own behalf, although the hearing was continued to give him opportunity to do so.

Aside from the more particular statement of the defendant's charges against the plaintiff, the sole evidence in the record before us is a transcript of the testimony at the hearing before the defendant. This contains testimony of three witnesses only relative to the violation of § 1071c, which was sufficient, if believed, to support the defendant's conclusion that the plaintiff had violated the statute by a sale to minors on November 1, 1941. *Rose* v. *Liquor Control Commission,* 124 Conn. 689, 690, 199 Atl. (2d) 925; *Guastamachio* v. *Brennan,* 128 Conn. 356, 360, 23 Atl. (2d) 140; *Grady* v. *Katz,* 124 Conn. 525, 530, 1 Atl. (2d) 137. The court has found, however, that during the trial before it the plaintiff testified denying these sales and that he also put in evidence the judgment file in a criminal prosecution for violation of the statute predicated upon these sales, whereby it appears that he was adjudged not guilty. It is undisputed that the court considered, as part of the evidence in reaching its decision, a transcript of the testimony introduced at the criminal trial, though how it was received as such in the present action does not appear. The court further found that substantially the same testimony that was presented before the defendant was presented in the criminal proceeding. None of these findings is attacked by the defendant. So far as the record shows, the transcript of the testimony at the criminal trial was clearly inad-

missible and it could have been considered only by the court with the defendant's consent. The defendant has assigned error as to other facts found by the court, the gist of which is that William Woolsey, who admittedly was employed by the state police to obtain evidence of violations of the liquor law by the plaintiff, in order to accomplish his purpose bought beer in the plaintiff's place and unknown to the plaintiff or his agent handed it to the three minors in an adjoining room; that neither the plaintiff nor his agent sold any beer to these minors or knew of their consuming it on the permit premises or even of their presence there; and that there was no credible evidence offered to warrant the defendant's finding a violation by the plaintiff of § 1071c. The defendant's attack upon the court's conclusion, fundamental to support the judgment that the defendant acted arbitrarily, illegally or in abuse of its discretion in suspending the plaintiff's permit, cannot succeed without a correction of the finding striking out these facts. This it is not entitled to, however, since the record shows that it does not include the evidence relevant to the error claimed in this regard. Practice Book, § 346; Conn. App. Proc., §§ 106, 107; *Greist* v. *Amrhyn,* 80 Conn. 280, 285, 68 Atl. 521; *Schroeder* v. *Taylor,* 104 Conn. 596, 602, 134 Atl. 63; *Appeal of St. John's Church,* 83 Conn. 101, 105, 75 Atl. 88. Therefore, the defendant cannot prevail upon its appeal.

This is decisive of the present case. The record, however, indicates a misconception by court and counsel of the amendment made in 1941 to the Liquor Control Act which added to the former law that upon such an appeal "the trial shall be de novo" and that the court, "after a hearing thereon, may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from." General Statutes, Sup. 1941, § 463f. Thus, the

court in its conclusion referred to the defendant's decision as being illegal "upon the evidence before it [the commission]" and the defendant, in assigning error in the court's finding of certain facts, stated "all of which facts the Liquor Control Commission had no knowledge of since no evidence supporting such facts was presented before it." Because of this and of the unsatisfactory and incomplete nature of the record, we make the following observations concerning the effect of the statute and the nature of proper procedure thereunder.

As we stated in *DeMond* v. *Liquor Control Commission,* 129 Conn. 642, 30 Atl. (2d) 547, it would be unconstitutional to construe the amendment as transferring to the court the function of making an entirely independent inquiry and, upon the basis of its own conclusions, determining whether a permit should be revoked. However, in holding further that the requirement of a trial de novo can be given effect within constitutional limitations, we pointed out that previous to the amendment the court, in determining whether the commission had acted properly, decided the appeal upon the basis of the proceedings before the commission if they were available or, if they were not, upon a finding of facts upon the assumption that these were the facts upon which the commission had acted. Then we added (p. 645): "Evidently the requirement that there be a trial de novo was intended to change this method of determining an appeal from the liquor control commission. The issue is still was there legal and reasonable ground for its action; but the court, in reaching its decision, is not confined, as heretofore, to the facts actually or assumed to have been proven before the commission; it conducts an independent inquiry." In other words, we held by that decision that the amendment worked a change in

the function of the trial court in that it no longer proceeds upon a reconstruction of the proceedings before the commission but makes an independent inquiry, determines the facts and upon the basis of the facts so found passes upon the propriety of the commission's action. To be more explicit, without regard to the evidence offered before the commission, the court upon the trial before it determines on the evidence duly presented to it what the facts are. The basis or criterion for testing the commission's ruling is thus established. If, upon the basis of the facts it finds, the court concludes that the decision of the commission was not arbitrary or illegal or did not constitute an abuse of discretion, the appeal should be dismissed; but if, on the contrary, these facts satisfy the court that the commission acted improperly the appeal should be sustained.

The latter situation is shown by this record. The finding also contains paragraphs reciting certain testimony offered before the defendant and others characterizing testimony or referring to the relative credibility of certain witnesses before the defendant. None of these had any proper place in the finding, which, as is evident from the nature of the proceeding as above explained, should conform to the usual principles governing findings upon an issue of fact tried to the court. Section 463f of the 1941 Supplement of the General Statutes provides that upon appeal the reasons for the commission's action may be received in evidence. These reasons would ordinarily consist of a statement of the facts it has found proven on the hearing before it, with its conclusions based upon them. The statute does not refer, however, to the transcript of the testimony before the commission, which is no more admissible than a similar transcript of testimony

before a justice of the peace would be upon the trial de novo in the Court of Common Pleas upon appeal.

While the trial upon an appeal from the commission is de novo, the issue in the Court of Common Pleas is different from that at the hearing before the commission. Thus, in the instant case, upon the original proceeding the issue was whether the permit should be revoked, whereas the issue upon appeal to the Court of Common Pleas was whether the commission had acted illegally. Where no appeal is taken from the commission's ruling, its decision is conclusive and final. One who does appeal has the burden of proving facts which show that the commission's decision was unwarranted in law or was in abuse of its discretion. As incident thereto such appellant has the burden of going forward and the right of rebuttal. The same holds true whether the appeal is from the refusal to grant a permit or, as here, from the suspension or revocation of one already granted.

There is no error.

In this opinion the other judges concurred.