## JOSEPH P. MACRI
*vs.*
## LIQUOR CONTROL COMMISSION

Court of Common Pleas    New Haven County    File No. 35547

MEMORANDUM FILED JANUARY 22, 1945.

*Francis R. Danaher*, of Meriden, for the Appellant.

*Harry L. Brooks, Assistant Attorney General,* for the Appellee.

DEVLIN, J. The appellant applied for a package store liquor permit for the premises located at 2 Britannia Street, Meriden, and after a hearing the application was denied on the ground of unsuitability of place because "the Commission feels there are sufficient outlets in the immediate neighborhood and an additional outlet would have a detrimental effect on those existing outlets."

Section 463f of the 1941 Supplement to the General Statutes provides that upon appeal the reasons for the Commission's action may be received in evidence. These reasons would ordinarily consist of a statement of the facts it has found proven on the hearing before it, with its conclusions based upon them. *Cripps vs. Liquor Control Commission,* 130 Conn. 693, 698. No such evidence was offered at the trial.

Section 460f of the 1941 Supplement to the General Statutes, upon which the action taken by the Commission was based, provides that in determining suitability of place one of the factors which may be considered is "the effect of the proposed location upon the neighborhood and the existing outlets."

It is apparent from the conclusion reached by the Commission that this was the only factor considered by them.

A careful reading of this particular clause would seem to disclose the necessity of proving two essential factors, viz., the effect the proposed location would have on the neighborhood and its effect upon the already existing outlets.

The Commission apparently construed "and" in the disjunctive rather than the conjunctive sense.

The word "or" can never be substituted for "and" in a statute when the meaning of the language used in the statute is plain and there is nothing in it to call for the substitution Courts wil construe "or" as "and," and vice versa, only where from the context of other provisions of the statute, or from former laws relating to the same subject and indicating the policy of the State thereon, such clearly appears to have been the legislative intent. 25 R.C.L., Statutes, §226, p. 977; 2 Sutherland, Statutory Construction (1943, 3rd ed.), §4923, p. 450.

The denial of the application in this case is based solely on the conclusion that the presence of another outlet in the neighborhood "would have a detrimental effect on those existing outlets." The only protection given is apparently to those engaged in the liquor business. Without a finding that it would have some detrimental effect upon the neighborhood in general this construction of the law gives the Commission the right to stifle competition and affords a cloak for the protection of the interests of those fortunate enough to have been granted permits.

The liquor business being one which admittedly may be dangerous to public health, safety and morals, the scope of the Legislature's power to regulate it is much broader than in the case of its regulation of an ordinary lawful business essential to the conduct of human affairs. There is no question but that the State in the exercise of this power to permit has a large discretion as to the means employed to protect its citizens against the evil incident to the liquor traffic, but the controlling object is giving to the public protection from these dangers.

It might be that the presence of too many outlets in a locality would create an economic situation between permittees which would encourage violations reacting to the detriment of the public and there is no doubt this was taken into consideration

when the law was enacted in 1941. There is nothing in the evidence submitted, however, to show this or even warrant the inference that the public interests or the common welfare was at any time given any consideration. On the other hand it appears that an outlet existed on the premises previous to the present application.

The limited finding of the Commission would seem to evidence a construction of the law having as its objective the protection of the personal property interests of a few rather than the protection of the public in general.

In denying the application of the appellant the Commission acted arbitrarily, illegally and in abuse of its discretion and the appeal is sustained.