The Liquor Control Commission denied plaintiff's application for a package store permit for premises located at 279 1/2 Cove Road in Stamford, Connecticut. The reasons for this denial are stated by the Commission in the notice to the plaintiff dated August 15, 1944, as follows: "Unsuitability of place because the Commission feels that there are sufficient outlets now in the immediate neighborhood and an additional outlet would have a detrimental effect on those already existing."
The action of the Commission is based on section 460f of the 1941 Supplement to the General Statutes which provides, among other things, that "the commission, in determining suitability of place, shall consider the following factors: (a) ....; the effect of the proposed location upon the neighborhood and the existing outlets."
The issue before this court is whether the Commission has acted illegally, arbitrarily or in abuse of its discretion. The basis for testing the Commission's ruling is established without regard to the evidence offered before the Commission. This court, upon the trial before it determines on the evidence duly presented to it what the facts are and if, upon the basis of the facts it finds, the court concludes that the decision of the Commission was not arbitrary or illegal or did not constitute an abuse of discretion, the appeal should be dismissed; but if, on the contrary, these facts satisfy the court that the Commission acted improperly the appeal should be sustained. Cripps vs.Liquor Control Commission, 130 Conn. 693, 698, 699.
Section 463f of the 1941 Supplement to the General Statutes provides that upon appeal the reasons for the Commission's actions may be received as evidence. It has been held inCripps vs. Liquor Control Commission, supra, p. 698, that "these reasons would ordinarily consist of a statement of the facts it has found proven on the hearing before it, with its conclusions based upon them." No such evidence was offered in this case in the trial before this court. In fact, the Commission offered no evidence at all. *Page 223 
The evidence and testimony before this court establishes the following which are found as facts:
That the property in question is at No. 279 1/2 Cove Road in the City of Stamford; that the neighborhood is known as the "Cove" and is a "community by itself" of working people living mostly in one and two-family houses and some apartments; that there are about eight to ten thousand people in this community; that there is a small business section serving this community; that 279 1/2 Cove Road is in this business section; that there is only one liquor outlet in this entire community although the Commission refers in its notice to "outlets now in the immediate neighborhood"; that this outlet is located within said business section about 210 feet from the plaintiff's premises at 279 1/2 Cove Road; that the next nearest liquor outlet is over one-half mile away and does not serve this Cove community; that the plaintiff's premises at 279 1/2 Cove Road are not close to any charitable institution, church edifice, school or other educational institution; that the establishment of a liquor package store at 279 1/2 Cove Road would not have a detrimental effect on the neighborhood.
The Commission's stated reason for denying this application is that the presence of another outlet in the neighborhood "would have a detrimental effect on those already existing." There is no mention, finding or conclusion of effect on the neighborhood. If any consideration was given to the welfare of the public, it does not appear from any facts, conclusions or reasons found or stated by the Commission. Furthermore, the evidence before this court supports a conclusion that the proposed new outlet would not have a detrimental effect on the neighborhood and no further effect on the existing outlet than the reasonable probability that some of the people in this neighborhood would patronize the new store.
Section 460f directs the Commission to consider "the effect of the proposed location upon the neighborhood and the existing outlets." This does not authorize or direct the Commission to consider only the existing outlets. The test is the effect on the neighborhood. If the proposed location is found to affect the existing outlets, the effect upon the neighborhood must also be found, otherwise the Legislature would have used the word "or" instead of "and" in the above quoted portion of section 460f. It cannot be assumed that a detrimental effect on an existing business would in all instances detrimentally *Page 224 
effect the neighborhood or the welfare of the public. It could be that the effect of a new outlet might be beneficial to a neighborhood by reason of improved service, stock and legitimate competition. The controlling object of the laws enacted for the prevention of evils incident to the liquor traffic is to give protection to the public from these dangers. Neither the wording of the statute nor the legislative intent can be construed to authorize the Commission, without regard to the public welfare, to stifle competition for the special protection of those engaged in the liquor business.
 The action of the Commission cannot be sustained either on the law or the facts. In denying the application of the appellant Alfred J. DiPreta the Commission acted illegally, arbitrarily and in abuse of its discretion. The action of the Commission is hereby reversed.