The proceedings challenge the action of the Liquor Control Commission in denying a wholesaler's permit to the appellant, a member of the Connecticut bar, for proposed premises at 553 Campbell Avenue, West Haven.
The appellant, thirty-seven years of age, is the eldest son of Samuel and Esther Kantrowitz; both parents being alive and residing at 891 Hancock Avenue, Bridgeport. In addition to the parents and the appellant, the family group includes three additional sons: Harry, who resides with his parents at the Bridgeport address; Jacob, an overseas member of the United States Army; Abraham, likewise in foreign service with the *Page 249 
United States Army; and a sister, whose status and residence are immaterial to this appeal. The appellant is married, residing with his wife in the Town of Fairfield.
As reasons for the denial of Ralph Kantrowitz's application for a wholesale permit, the appellee has assigned the following:
"Unsuitability of Person. "Ralph S. Kantrowitz, applicant for a wholesale liquor permit, at present resides at 891 Hancock Avenue, Bridgeport, Connecticut, with his father, Samuel Kantrowitz, a permittee holding a package store permit at Bridgeport Avenue, Devon, and also a partner with Jacob Kantrowitz, another son, in a package store at 545 Campbell Avenue, West Haven. Harry Kantrowitz, permittee for Jacob Kantrowitz, now in the U.S. Army in Italy, and Samuel Kantrowitz, also lives at 891 Hancock Avenue with father, Samuel, and the applicant.
"The funds to be used in the wholesale business, as testified to by Ralph Kantrowitz under oath at hearing duly called before the Liquor Control Commission, held in its meeting place August 7, 1944, are to be taken from a family fund contributed to by Ralph Kantrowitz, Harry Kantrowitz, and Jacob Kantrowitz, and apparently are under the control, as testified to, of Samuel Kantrowitz, father of the applicant, and, as stated before, owner in one and partner-owner in another package store permit premises.
"It was additionally testified to by Ralph Kantrowitz that a loan of $10,000 was made to him by Jacob Kantrowitz, half-owner of the package store at 545 Campbell Avenue, West Haven, and now in the armed services.
"From the above facts, the Commission concludes that the issuance of a wholesale permit to Ralph S. Kantrowitz would be contrary to the letter and spirit of the statutes in that the owners, partners, backers, or permittees of package store permits would have an interest in a wholesale permit."
The issue presented by this appeal is: Was there legal and reasonable ground for the action of the Commission? In other words, did the Commission act arbitrarily, illegally, or in an abuse of its discretion? Cripps vs. Liquor Control Commission,130 Conn. 693. *Page 250 
The "trial de novo", provided by section 463f of the 1941 Supplement to the General Statutes, reveals the appellant as a young man of unquestioned character, who, despite trying personal and economic and family circumstances, persevered to acquire a broad academic training, supplemented by graduate study of law at Harvard University, and immediate admission to the bar of Connecticut. Thereafter, with a brief interlude in general practice, Mr. Kantrowitz associated himself with the Alcohol Tax Unit of the Bureau of Internal Revenue, wherein, for a seven-year period, he rendered satisfactory and honorable government service as an investigator and law enforcement official. This experience was followed by military detail, for a term approximating one and one-half years, with the United States Army as a member of its Intelligence Unit, leading ultimately to the appellant's honorable discharge in December, 1943. Upon his return to civilian status, the appellant not only engaged in the practice of law but assisted his brother, Harry, on a part-time basis, in the operation of the West Haven package store. This activity continued until June, 1944, when Mr. Kantrowitz, fortified by his vast experience with Alcohol Tax Unit, as well as his extensive knowledge of the liquor industry, decided to establish a wholesale liquor business. The appellee's denial of his right to engage in this enterprise has precipitated the present litigation.
Since 1940, members of the Kantrowitz family have been associated with the sale and distribution of liquor through two package store outlets: one, a Devon package store; the other, a West Haven package store. Listed below is a chronological record, from their inception to the present, of the ownership and operation of these outlets; indicating, as it does, the dates on which and the individuals to whom the Liquor Control Commission issued package store permits.
Devon Package Store, 225 Bridgeport Avenue, Devon (Milford):
6-21-40. Permit P-2988 issued to Samuel Kantrowitz, permittee and sole owner. Renewed up to and including 1944. Most recent permit, P-847r, was cancelled 9-18-44.
9-12-44. P-642 issued to Esther Kantrowitz, permittee, Harry Kantrowitz, backer. Still active.
West Haven Package Store, 545 Campbell Avenue, West Haven: *Page 251 
9-10-41. Permit P-3280 issued to Jacob Kantrowitz, permittee, Jacob Kantrowitz and Samuel Kantrowitz, backers.
4-24-42. Ralph S. Kantrowitz became permanent substitute.
6-26-42. Above substitution was cancelled and Harry Kantrowitz became substitute.
Renewals were issued to Harry Kantrowitz in 1942 and 1943.
9-10-44. P-645 issued to Harry Kantrowitz, permittee, Harry Kantrowitz and Jacob Kantrowitz, backers. Still active.
An analysis of the foregoing summary discloses that the appellant has had but the slightest official association with the stores; namely, from April 24, 1942, to June 26, 1942, when he acted as substitute permittee at West Haven. Incidentally, this two-month period represented the time which intervened between his resignation from the Alcohol Tax Unit and his entry upon military service.
Having conducted an extended independent inquiry into the Kantrowitz family; its membership; its relationship, one to the other; its finances; its business history; and its operation of the package store outlets, I am able to reach the following conclusions, which, in my judgment, are supported not only by the better evidence but also by every fair and reasonable inference which can be drawn from the exhibits:
1. The appellant maintains and operates his own home, entirely independent of parental or family assistance or influence. This situation existed on August 7, 1944, the date on which his application was heard by the Liquor Control Commission. Thus there was no basis for the appellee's finding that the appellant then resided with his parents, nor was there basis for the appellee's distinct inference, that by reason of this residence, he was subject to family domination, control, or influence.
2. The funds to be used by the appellant in the establishment and operation of his wholesale business are not and were not, on August 7, 1944, family funds. Rather, they are and were the appellant's sole, exclusive, and independent resources reflected by the following accounts, owned wholly by him on August 7, 1944: *Page 252 
U.S. Postal Savings . . . . . . . . . . . . . $2,500.00
City Savings Bank (Bridgeport) . . . . . . . . 933.09
 Bridgeport-Peoples' Savings Bank (Bridgeport) . . . . . . . . . . . . . . 4,000.00
3. Neither Harry Kantrowitz nor Jacob Kantrowitz nor Samuel Kantrowitz nor Esther Kantrowitz has any interest in or claim to the aforesaid deposits, nor did they on August 7, 1944.
4. In addition to the above monies, the appellant, on August 7, 1944, was the sole owner of an additional $4,800, originally contributed by him to a family fund, but subsequently withdrawn therefrom in accordance with a family understanding.
5. Neither Harry Kantrowitz nor Jacob Kantrowitz nor Samuel Kantrowitz nor Esther Kantrowitz has any interest in or claim to the aforesaid $4,800, nor did they on August 7, 1944.
6. The appellant was, on August 7, 1944, and at the present time is financially able to engage in the wholesale liquor business without assistance from or reliance on the resources of any member of his family.
7. On August 7, 1944, the appellant intended and presently continues his intention of operating a wholesale liquor business as its sole, exclusive, and independent owner.
8. If a wholesale liquor permit is issued to the appellant, neither Harry Kantrowitz nor Jacob Kantrowitz nor Samuel Kantrowitz nor Esther Kantrowitz will have any financial interest therein.
9. The action of the appellee in denying the appellant a wholesale liquor permit was arbitrary and constituted an abuse of its discretion.
Section 968e of the 1939 Supplement to the General Statutes has been invoked as furnishing legal justification for the denial of the appellant's application. This provision of the Liquor Control Act, quoted in full as a footnote to State vs. Zazzaro,128 Conn. 160, says that no backer or permittee of one class shall be a backer or permittee of any other class except in the case of railroad and boat permits. Further, the section prohibits a permittee from receiving credit for a period in excess of thirty days from certain classes of persons, including any *Page 253 
stockholder in a corporation manufacturing or wholesaling liquor, and forbids such stockholder from extending credit directly or indirectly to any permittee.
By its language, by its intent, and by its construction, section 968e is directed at the "tied house." Its design is to circumvent the concentration of tremendous power and inordinate control in the hands of wholesalers and manufacturers, who, by reason of economic superiority and the extension of generous business credit, might well be so circumstanced as to throttle the retail dealer and monopolize the retail market.
The claim of the Commission, in the instant matter, is not that a wholesaler or manufacturer or stockholder in a corporation manufacturing or wholesaling liquor is to have an interest in a retail outlet. Rather, it is the converse; that is, that retailers — the members of the Kantrowitz family who own or operate package stores — are to have an interest in the proposed wholesale business of Ralph Kantrowitz.
Assuming without deciding that a fair construction of section 968e forbids or restrains retailers from having an interest in a wholesale venture, nonetheless, in this matter, there is no basis for such a factual claim.
I am satisfied that Ralph Kantrowitz is a person of rectitude; that his legal training has developed in him a recognition and appreciation of his duties and responsibilities under the Liquor Control Act of Connecticut; that he is a suitable proposed permittee; that he is financially able to launch a wholesale liquor business as an independent entrepreneur; and that no member of his family will have any interest therein.
 The appeal is sustained and the Liquor Control Commission is hereby ordered to issue the permit applied for.