NICK S. DUDOW ET AL. v. LIQUOR CONTROL COMMISSION.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued March 5—decided April 4, 1946.

*Harry L. Brooks*, assistant attorney general, with whom, on the brief, was *William L. Hadden*, attorney general, for the appellant (defendant).

*Edward L. Reynolds*, with whom, on the brief, were *James W. Curran* and *John J. Kinney*, for the appellees (plaintiffs).

BROWN, J. The plaintiffs, Nick S. Dudow and Walter N. Dudow, are permittee and backer, respectively, of a restaurant liquor permit for premises located at 259-261 Congress Avenue in New Haven. On November 1, 1944, the defendant suspended their permit for an indefinite period on the grounds that the place was an unsuitable place because it was not kept, used, maintained, advertised and held out to the public as one where the regular service of hot meals at least twice daily was the principal business conducted therein, and that the permittee was an unsuitable person in that he had falsified his records to deceive the defendant. The plaintiffs appealed to the Court of Common Pleas. It concluded that the permittee conducted a bona fide restaurant within the meaning of General Statutes, Cum. Sup. 1935, § 1012c (7), that there was no falsification of records to deceive the commission within the meaning of § 55 of its regulations, that on the basis of the evidence presented on the trial to the court the action of the commission in suspending the permit was improper and illegal, and

that the appeal should be sustained. Judgment was rendered for the plaintiffs and the defendant has appealed to this court.

Upon evidence produced at the trial before it, the court made a finding of subordinate facts which the defendant expressly concedes is sufficient to support the court's conclusions and judgment. During the trial the defendant introduced in evidence as exhibit 1 a statement of the facts which it found proven at the hearing before it, with its conclusions thereon. The defendant was entitled to have this statement admitted as evidence. General Statutes, Sup. 1941, § 463f; *Cripps* v. *Liquor Control Commission*, 130 Conn. 693, 698, 37 Atl. (2d) 227. The facts found in exhibit 1 are sufficient to warrant the defendant's conclusions, which in turn justified its order of suspension. The controlling question presented for determination is whether the court was warranted in concluding that the commission's order was improper and illegal as tested by the facts found by the court, when the order could not be held to be improper and illegal as tested by the facts found by the commission.

A full answer is found in the decisions of this court. Prior to the enactment of § 463f by the legislature in 1941, the legality of an order by the commission could be tested only "upon the basis of the proceedings before it, if they were available, or upon a finding of facts by the court upon the assumption that these were the facts upon which the commission acted." *DeMond* v. *Liquor Control Commission*, 129 Conn. 642, 645, 30 Atl. (2d) 547; *Skarzynski* v. *Liquor Control Commission*, 122 Conn. 521, 526, 191 Atl. 98; *Grady* v. *Katz*, 124 Conn. 525, 530, 1 Atl. (2d) 137; *Neubauer* v. *Liquor Control Commission*, 128 Conn. 113, 114, 20 Atl. (2d) 669. As we pointed out in *DeMond* v. *Liquor Control Commission*, supra, however,

this enactment, by adding the provision that upon appeal to the Court of Common Pleas "the trial shall be de novo," effected a change in the method of determining an appeal from the liquor control commission in consequence of which, while the issue is still whether there was legal and reasonable ground for its action, "the court, in reaching its decision, is not confined, as heretofore, to the facts actually or assumed to have been proven before the commission; it conducts an independent inquiry. In this sense only is the trial de novo." Subsequently, in referring to this language, we said: "In other words, we held by that decision that the amendment worked a change in the function of the trial court in that it no longer proceeds upon a reconstruction of the proceedings before the commission but makes an independent inquiry, determines the facts and upon the basis of the facts so found passes upon the propriety of the commission's action. To be more explicit, without regard to the evidence offered before the commission, the court upon the trial before it determines on the evidence duly presented to it what the facts are. The basis or criterion for testing the commission's ruling is thus established. If, upon the basis of the facts it finds, the court concludes that the decision of the commission was not arbitrary or illegal or did not constitute an abuse of discretion, the appeal should be dismissed; but if, on the contrary, these facts satisfy the court that the commission acted improperly the appeal should be sustained." *Cripps* v. *Liquor Control Commission,* supra, 697. The trial court was correct in holding the defendant's order improper and illegal as tested by the facts found by the court. Exhibit 1 is merely evidence of the facts stated in it, and as such those facts are not controlling upon the court if countervailing evidence is produced before it.

It is evident from the decisions above referred to that the defendant, in order to obtain for future cases redress of the nature urged upon this appeal, must resort to the legislature. Whether this has already been accomplished by its enactment of § 640h of the 1945 Supplement to the General Statutes, in which, among other changes, the provision that "the trial shall be de novo" is omitted, we have no occasion to consider at this time.

There is no error.

In this opinion the other judges concurred.