KATHERINE M. CICHON v. LIQUOR CONTROL COMMISSION

SUPERIOR COURT          LITCHFIELD COUNTY          FILE No. 8057

Memorandum filed May 23, 1946.

Joseph M. Donovan, of Bristol, for the Plaintiff.

Pasquale Vioni, of Bridgeport, for the Defendant.

FITZGERALD, J. The question presented is whether the defendant commission acted properly in refusing to grant a package store liquor permit to the plaintiff respecting premises located at No. 43 Main Street, village of Terryville in the town of Plymouth. The hearing on the application was had before the commission on November 5, 1945. In denying the application the commission gave as its reason that it "has reasonable cause to belive that the granting of another permit in this locality would be detrimental to public interest."

In passing it may be noted that the "de novo" aspect of an appeal from an adverse decision of the commission to this court (General Statutes, Sup., 1941, § 463f; *DeMond* v. *Liquor Control Commission*, 129 Conn. 642, 646; *Cripps* v. *Liquor Control Commission*, 130 Conn. 693, 696) is no longer a part of our statutory law. See General Statutes, Cum. Sup. 1945, § 640h; *Dudow* v. *Liquor Control Commission*, 132 Conn. 664, 668.

At the hearing before the commission, only Inspector Klein and the plaintiff gave testimony. The relevant facts deducible from the testimony of the inspector are these: (1) Terryville is a part of the town of Plymouth; (2) the population of Plymouth is 6,000; (3) there are presently eight package stores in existence in Plymouth, all located in the Terryville section; the proposed location is in the business district.

In seeking a "just determination" of the question presented (as permitted by § 640h), the court permitted the plaintiff to call as a witness Mr. Eustace, the first selectman of Plymouth for the past twenty-six years. His testimony was to the effect that Terryville composes the business district of Plymouth and that the granting of the permit would not be detrimental to the public interest of the town.

Section 634h provides that "The commission may . . . refuse to grant permits for the sale of alcoholic liquor if it has reasonable grounds to believe: . . . (3) that the number of permit premises in the locality is such that the granting of a permit is detrimental to public interest, and, in reaching a conclusion in this respect, the commission may consider the character of, the population of, the number of like permits and number of all permits existent in, the particular town and the immediate neighborhood concerned, the effect which a new permit may have on such town or neighborhood or on like permits existent

in such town or neighborhood." It is upon this statutory provision that the commission claims justification for its action in refusing the permit in question.

In passing it may be noted that no remonstrance was filed with the commission by any resident objecting to the proposed location, as provided by § 629h.

Upon the basis of the transcript of the hearing before the commission, together with the testimony of First Selectman Eustace given at the trial on appeal, the court concludes that the decision of the commission in denying the plaintiff's application was arbitrary, illegal and in abuse of its statutory discretion. In reaching this conclusion the court is not unmindful of the wide discretion now conferred upon the commission by reason of the 1945 amendments. Nevertheless, to uphold the decision of the commission in the light of the record would be to confer upon it an unfettered discretion as distinguished from a reasonable discretion. The legislature only intended to vest the commission with a reasonable discretion. The reason assigned by the commission in support of its decision is found not to be reasonable on the subordinate facts of the case.

Accordingly the issues are found for the plaintiff and the appeal is sustained. Judgment will so enter, with direction that the permit be granted.