### JERRY W. YAGOVANE v. THOMAS NELLIGAN, MAYOR OF THE CITY OF ANSONIA

COURT OF COMMON PLEAS   NEW HAVEN COUNTY   FILE NO. 36379

Memorandum filed August 20, 1946.

*Joseph N. Perelmutter*, of Seymour, for the Plaintiff.

*William K. Bennett* and *William H. Kingston*, of Ansonia, for the Defendant.

BORDON, J.   This action is an appeal from the decision of the mayor of Ansonia denying a certificate of approval to conduct a motor vehicle junk business on property of the plaintiff on Prindle Avenue in Ansonia.

After hearing the evidence, viewing the premises and studying the record of the proceedings before the mayor, the court is of the opinion that the mayor of Ansonia refused a certificate of approval for reasons usually associated with zoning restrictions rather than for the stated reasons. The absence of zoning in Ansonia leaves residential areas wide open to invasion by business which might be deemed objectionable to a residential neighborhood, as is the case here, but no relief is afforded by law except the provisions of § 215f, Sup. 1941, which prohibits the proposed business only if it is found unsuitable "with due consideration to its location in reference to schools, churches, theaters." It strains the imagination to associate objections to the proposed business and location with schools, churches, theaters or traffic conditions. None of them can be affected by the proposed business in the location in question, and if the court were designated as the hearing authority it could not, in good conscience, refuse a certificate of approval for any of the reasons enumerated in the statute.

However, such authority is vested by statute in the mayor, and the court's power to override him can be exercised only if the plaintiff sustains the burden of proving that his conclusions were arbitrary, unreasonable and illegal. *Cripps* v. *Liquor Control Commission,* 130 Conn. 693.

The mayor had before him testimony of various property owners and residents in the neighborhood that the steep hills which bound Prindle Avenue on the north and south constitute traffic hazards, that its intersection with the much-traveled Pulaski Highway eight hundred and sixty feet distant from the proposed location constitutes a dangerous condition to traffic in the vicinity, and that the grade contour and width of Prindle Avenue are conducive to traffic accidents which would be aggravated by increased use of the highway by plaintiff's customers and by towing or driving vehicles to be junked on the business premises. The evidence also disclosed that serious and minor accidents have occurred in the neighborhood from time to time, and that traffic and highway conditions have had the attention of local and state authorities. Apparently the mayor, acting on this evidence, and in the exercise of his judgment, concluded that the proposed location was unsuitable for the intended business "with due consideration to . . . traffic conditions, and . . . effect on public travel."

The providing of a process for invoking the judicial power to control the action of the mayor does not transfer to the court the power to issue the certificate. *DeFlumeri* v. *Sunderland,* 109 Conn. 583, 586. The court may act, and the propriety of the decision of the mayor may be attacked, only if the decision reached was not legally warranted by the facts upon which the mayor acted, as they appear in his records, and his conclusion was one which he could not reasonably reach upon the evidence before him. *Grady* v. *Katz,* 124 Conn. 525, 530.

Although the court is not in accord with the mayor in his conclusion of unsuitability for reasons limited by the statute, it cannot say that he acted illegally, arbitrarily or so unreasonably as to have abused his discretion, or that his opinion and conclusion were arrived at without any evidence at all. It is manifest that there was evidence before the mayor from which this conclusion might, not unreasonably, have been drawn, in the finding that evidence was introduced tending to show that the conditions in the neighborhood of the location were such that there would be danger to the traveling public. *Holley* v. *Sunderland,* 110 Conn. 80, 84.

An appeal from an administrative act, such as is here involved, is not a transfer of jurisdiction from the administrative official to the court and does not require the court on appeal to determine whether it shall substitute its own judgment, findings and conclusions for that of the administrative official, but is merely a process to determine whether the official has acted arbitrarily, or illegally, or so unreasonably as to have abused his discretion. *Moynihan's Appeal,* 75 Conn. 358. Upon such an appeal the court does not make a determination upon its own independent judgment as to both fact and law. It searches the record of the proceedings before the official to determine whether evidence and subordinate facts justify his conclusion, in the proper exercise of his judgment and discretion. Therefore, if the mayor found that the proposed location is unsuitable for the proposed business for the stated reasons in accordance with the provisions of § 215f, the court ought not to substitute its judgment for that of the mayor if evidence before him fortified his conclusion. At any rate, the court cannot fnd that he could not have arrived at his decision on the basis of the evidence and physical facts before him, or that, having arrived at his decision, it was so unreasonable, arbitrary or illegal as to require judicial intervention.

In view of this conclusion, it is unnecessary to discuss the other matters raised in behalf of the defendant.

The appeal is dismissed.