ALEXANDER SIERPUTOWSKY v. LIQUOR CONTROL COMMISSION

COURT OF COMMON PLEAS     TOLLAND COUNTY     FILE No. 229

Memorandum filed January 30, 1947.

*Buckley, Creedon & Danaher* and *Birmingham & Kennedy*, both of Hartford and *Joel H. Reed, 2nd*, of Stafford Springs for the Plaintiff.

*William L. Hadden*, Attorney General, and *Pasquale Vioni*, Assistant Attorney General, for the Defendant.

PARMELEE, J. The plaintiff's application for a package store liquor permit at Stafford Hollow, a community within the town of Stafford, was denied by the defendant on April 4, 1946, after a hearing held on February 4, 1946.

The reasons for this denial are given by the commission as follows: "Unsuitability of place because the commission, having considered the character of the neighborhood, which is residential; and the population of the neighborhood has reasonable cause to believe that the granting of another permit in this locality would be detrimental to public interest."

At the hearing before this court on appeal from the decision, a stenographic transcript of the evidence before the commission was introduced and received as an exhibit. No further testimony was offered. The plaintiff has withdrawn all allegations in the complaint attacking the constitutionality of the act under which this action is brought. The issue before this court is whether the commission acted illegally, arbitrarily, or in abuse of its discretion in determining that it has reasonable cause to believe that the granting of this permit would be detrimental to public interest.

This community is partly residential and partly mercantile. The testimony before the commission of substantial residents that the opening of this liquor outlet would have a detrimental effect on the community may be based to some extent on a general aversion to the use and sale of intoxicating liquor. However, a finding by the commission consistent with this testimony is not so lacking in factual support as to be arbitrary or constitute an abuse of discretion, particularly in view of the fact that there was no evidence to the contrary. The court may not substitute its discretion for that of the commission. It can go no further than to make the decision of the commission conform to law or to a conclusion which is the only reasonable one upon the facts proven. *DeMond* v. *Liquor Control Commission,* 129 Conn. 642.

The plaintiff has the burden of proving facts which show that the commission's decision was unwarranted in law, arbitrary, or in abuse of discretion. *Cripps* v. *Liquor Control Commission,* 130 Conn. 693. The plaintiff has failed to sustain this burden.

The decision of the commission is affirmed. The appeal is dismissed.