The plaintiff conducts a restaurant business at 107-109 Campbell Avenue, West Haven, and is the holder of a restaurant liquor permit relating to those premises. He has appealed the action of the defendant commission on February 28, 1950, in suspending for a period of thirty days his permit. The reasons for the suspension are recited in paragraph 4 of the complaint and in defendant's exhibit 2. The appeal was tried to the court on the transcript of the evidence (defendant's exhibit 1) before the commission on December 12, 1949.
The statute controlling the appeal is now § 4277 of the 1949 Revision. That statute has undergone several amendments since the adoption of the Liquor Control Act in 1933 following the termination of the prohibition era. See Cum. Sup. 1935, § 1055c; Sup. 1941, § 463f; Sup. 1945, § 640h, and the discussions in the following cases: Melarose v. Liquor Control Commission,123 Conn. 318, 320; DeMond v. Liquor Control Commission,129 Conn. 642, 645; Cripps v. Liquor Control Commission,130 Conn. 693, 697 et seq.; Dudow v. Liquor Control Commission,132 Conn. 664, 666 et seq.; Divirgillo v. Liquor Control Commission,134 Conn. 143, 145; Cusano v. Dunn, 137 Conn. 20,24; Kania v. Liquor Control Commission, 137 Conn. 327, 328.
In passing, it should be noted that the 1941 amendment (§ 463f) providing for a trial "de novo" on appeal to this court dropped out of the 1945 amendment (§ 640h). See Dudow case, *Page 155 
supra, 668. It has never been revived. In argument counsel for the plaintiff assumed that the "de novo" aspect was still in the statute.
Irrespective of the various changes wrought in the provisions of the appeal statute over the years, the question that is always presented for determination in a case of this character is whether there was legal and reasonable ground for the action of the commission brought before the court for review. While the cases cited illustrate the function of the reviewing court in the light of the reading of the appeal statute then under specific consideration, the ultimate question of law presented for review has remained constant. Since the appeal was tried to the court on the transcript of evidence before the commission, the legal propriety of the decision under review must be tested by the record before the court for that purpose.
The commission found as a fact that the plaintiff permittee, either personally or through a servant or agent, contrary to § 4296 of the General Statutes, did "allow the sale, dispensing, consumption and/or presence in glasses or other receptacles, suitable to permit consumption of liquor by an individual, of alcoholic liquor on [the] permit premises after the closing hour prescribed by statute."
A reading of the transcript discloses the presence of various persons on the premises well after 1 o'clock on the morning of June 9, 1949. The only one who testified that the law was being violated after the legal closing hour was one Stapleton, who with two companions had been on the premises since 10 o'clock of the preceding evening. His two companions, the plaintiff, the bartender, a West Haven police sergeant who was off duty, and a companion of the latter, testified to the contrary. Another person said by Stapleton to have been also on the premises drinking after 1 a. m. testified that he had left shortly before that hour. In addition Stapleton testified that the companion of the police sergeant had kicked him during the early morning period. This was denied by the others.
Hence the defendant commission was confronted with the problem which can prove bothersome to all triers of fact. who is to be believed? The commission saw fit to believe Stapleton and to disbelieve the others. Even those who denied Stapleton's version of matters as to what took place after 1 a. m. (Dorman, Kennedy, Russo, Franke, and the plaintiff) admit that they did not leave the premises until about 1:45 a. m. Doubtless *Page 156 
the lateness of their admitted hour of departure (Stapleton said it was around 3 a. m.) entered into the question of credibility which confronted the commission as the triers of fact. That they should have remained on the premises so long after the legal closing hour was a circumstance to be considered in the balancing of conflicting testimony.
In argument, counsel for the plaintiff takes the position that the evidence before the commission was such as not to warrant in reason a finding of a violation of § 4296. That the commission, confronted with contradictory versions of the state of affairs after 1 a. m., saw fit to accept the testimony of one witness and to reject that of several is a matter which this court is powerless to contravene. As pointed out in the earlier part of this memorandum, the trial to the court is no longer of a "de novo" character. Granting for the moment that the standard of proof before the commission that the law was being violated should bear an analogy to the required standard of proof in an ordinary civil action (Darrow v. Fleischner, 117 Conn. 518,520; Beckwith v. Stratford, 129 Conn. 506, 507), the fact remains that it was for the commission to say which of two conflicting versions of testimony should be given credence by it. It is never the number of witnesses that determines an issue of fact. The testimony of one may prove acceptable to a trier of fact over the testimony of many.
The appeal must fail. To reach a different conclusion would require the court to substitute its discretion for that of the commission. This it cannot do. The fact that the plaintiff permittee was acquitted in the West Haven Town Court of criminal charges growing out of the episode in question does not affect the propriety of the commission's decision. The burden of proof in a criminal case to warrant a conviction is of different magnitude. Hence the result reached in the criminal case did not necessarily control the outcome of the proceeding before the commission.
 In view of the foregoing, judgment is to enter affirming the action of the defendant commission and dismissing the appeal.