WALTER C. WOODRUFF vs. FRANK M. CHAPIN, FIRST SELECTMAN.

First Judicial District, Hartford, May Term, 1910.

HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, JS.

Chapter 152 of the Public Acts of 1909 provides that the decision of a judge of the Superior Court as to the validity of a liquor-license election in a town shall be "conclusive." *Held* that in view of the evident purpose of the legislature to have this class of controversies speedily decided and ended, the word "conclusive" as used in the Act meant "final," and thus precluded any appeal to this court.

Argued May 3d—decided June 14th, 1910.

APPEAL by the defendant from a decision of the *Hon. George W. Wheeler*, a judge of the Superior Court, holding null and void a liquor license vote cast by the

voters of the town of New Hartford at its annual town meeting in October, 1909. *Appeal to this court dismissed.*

*William F. Henney* and *Frank B. Munn,* for the appellant (defendant).

*Arthur L. Shipman* and *Wilbur G. Manchester,* for the appellee (plaintiff).

ROBINSON, J. The principal question raised upon this appeal is as to the sufficiency of the warning and notice of the annual town meeting, at which the vote in question was taken. It appears that a warning and notice were attempted to be given in compliance with the statute (§ 1795), but that the part of the statute requiring the publication of the warning in a newspaper was not complied with. The warning and notice were published in a newspaper four days before the meeting, instead of five, as required by the statute. The trial judge held that this was fatal to the license vote, and declared it void.

The appellants come here claiming error in this, but the appeal, we think, should be disposed of in another way. The appellant seems to have assumed that an appeal in this matter was entirely permissible. This is a wrong assumption. Chapter 152 of the Public Acts of 1909 (p. 1079), under the provisions of which this petition was brought, provides that "the judge shall . . . hear and determine such petition, and his decision thereon shall be conclusive." This forbids, and is intended to forbid, appeals. Evidently the legislature desired to bring about a speedy and final determination in this particular class of controversies; and so a competent tribunal is named, and the decision of that tribunal is in terms made "conclusive," and that

means *final,* as the term is used in this Act; otherwise there would be no occasion to use it.

This appeal is therefore here without law or right. The subject-matter of it is not within the jurisdiction of this court, and the appeal must be dismissed.

In this opinion the other judges concurred.