MICHAEL PAPPAS *v.* LIQUOR CONTROL COMMISSION.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued January 9—decided February 7, 1941.

*William J. McKenna,* with whom, on the brief, was *John M. Chapnick,* for the appellant (plaintiff).

*Harry L. Brooks,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the appellee (defendant).

PER CURIAM. The plaintiff had a restaurant permit under the Liquor Control Act which authorized him to sell alcoholic liquor to be consumed on the premises. General Statutes, Cum. Sup. 1939, § 959e. After a hearing, the liquor control commission revoked the permit for "unsuitability of person by reason of violations of Sections of the 1939 Supplement to the General Statutes: 1. Section 959e, sales of alcoholic liquors for

consumption off the premises; 2. Section 979e, sales of alcoholic liquor before hours on Sunday." The plaintiff appealed, the case was heard upon the evidence and proceedings before the commission, and the appeal dismissed. The evidence before the commission was a sufficient basis upon which it could reasonably conclude that there had been a violation of both sections of the statutes specified in its order of revocation. It could reasonably find that the sales in both instances were of beer within the terms of the act. *State* v. *Boucher,* 119 Conn. 436, 439, 177 Atl. 383. That permit was revocable for a violation of any of the provisions of the Liquor Control Act, of which the sections in question were a part. General Statutes, Cum. Sup. 1935, § 1056c. The violation of these sections was the real basis upon which the commission acted, and we have no occasion to determine whether a general unsuitability of a permittee to continue to hold a permit would in itself justify its revocation.

There is no error.