ANDREW DEMOND v. LIQUOR CONTROL COMMISSION.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued February 5—decided February 17, 1943.

*Harry L. Brooks,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the appellant (defendant).

*Franklin Coeller,* for the appellee (plaintiff).

MALTBIE, C. J.   The plaintiff, appealing from the liquor control commission, merely alleged that on and before September 29, 1941, he had held a restaurant beer permit and that on that day the commission revoked it, assigning violation of one of its regulations as the reason.  The defendant demurred to the complaint substantially on the ground that the plaintiff had failed to allege any facts upon which the court could render judgment in his favor.  The demurrer was overruled and the plaintiff moved for judgment because of the defendant's failure to plead over.  After some intervening proceedings not necessary to relate, judgment was entered for the plaintiff and the defendant appealed.  The question is whether the allegations of the complaint were sufficient to bring the matter before the court so that it could adjudicate the issue between the parties.

The plaintiff relies, in support of his claim that the appeal was sufficient, upon two amendments made in the section of the Liquor Control Act concerning appeals which added to the former law the provision

that upon an appeal "the trial shall be de novo," and that the court, "after a hearing thereon, may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from." General Statutes, Sup. 1941, § 463f. In determining the legislative intent expressed in these provisions, it is necessary to have in mind the functions which under our constitution can properly be vested in the courts in matters of this nature. In *Hopson's Appeal*, 65 Conn. 140, 146, 31 Atl. 531, we said that the issuance of licenses to sell intoxicating liquors "lies on the border line of the division between executive and judicial power, and that it is competent for the legislature to commit its exercise either to judicial or executive officers, as may be found necessary for the most efficient enforcement of its police regulations." In *Underwood* v. *County Commissioners*, 67 Conn. 411, 416, 35 Atl. 274, we said that the power and duty of the county commissioners to grant such licenses under the law then in effect "are administrative and not judicial in their nature." These decisions were made before the careful consideration given in *Norwalk Street Ry. Co.'s Appeal*, 69 Conn. 576, 37 Atl. 1080, 38 Atl. 708, to the question of the division of powers between the three departments of government and the decision then reached, that administrative functions could not constitutionally be vested in the courts. Thereafter, we re-examined the proposition quoted above from the *Hopson* case; *Malmo's Appeal*, 72 Conn. 1, 6, 43 Atl. 485; *Moynihan's Appeal*, 75 Conn. 358, 53 Atl. 903; and in *Bridgeport Malleable Iron Co.'s Appeal*, 86 Conn. 378, 383, 85 Atl. 580, we stated that an appeal from the county commissioners in a matter involving the issuance of a license to sell liquor "does not and cannot transfer to the Superior Court the jurisdiction of the county commissioners to hear purely administrative

questions; and that the word 'appeal' is thus a misnomer when applied to these appeals from the county commissioners, because the proceeding by appeal does not transfer the entire matter to the Superior Court for a rehearing, but takes there only judicial questions involving the legality of their conduct." That statement applies fully to an appeal taken from the liquor control commission.

We cannot attribute to the legislature an intent to pass a law which would contravene the constitution if the statute can reasonably be construed to avoid such a result. *Sage-Allen Co., Inc.,* v. *Wheeler,* 119 Conn. 667, 679, 179 Atl. 195. The requirement of a trial de novo can be given full effect within constitutional limitations. Previous to the enactment of the statute, we held that in appeals under this act as in other similar situations the question for the court to determine was whether the commission acted arbitrarily, illegally or in abuse of its discretion, and that this was to be determined upon the basis of the proceedings before it, if they were available, or upon a finding of facts by the court upon the assumption that these were the facts upon which the commission acted. *Skarzynski* v. *Liquor Control Commission,* 122 Conn. 521, 526, 191 Atl. 98; *Kram* v. *Public Utilities Commission,* 126 Conn. 543, 550, 12 Atl. (2d) 775; *Grady* v. *Katz,* 124 Conn. 525, 530, 1 Atl. (2d) 137; *Neubauer* v. *Liquor Control Commission,* 128 Conn. 113, 114, 20 Atl. (2d) 669. Evidently the requirement that there be a trial de novo was intended to change this method of determining an appeal from the liquor control commission. The issue is still was there legal and reasonable ground for its action; but the court, in reaching its decision, is not confined, as heretofore, to the facts actually or assumed to have been proven before the commission; it conducts an independent in-

quiry. In this sense only is the trial de novo. The amendment brought our law in conformity to that which was formerly applied in appeals from boards of county commissioners, of which we said in *Brady's Appeal,* 89 Conn. 310, 312, 94 Atl. 287: "Counsel for the applicant urge that the court erred in entering upon a trial of the issue of suitability entirely independently of what was before the commissioners, and did not confine itself to a review of their action in the light of what was before them, thus, in effect, as they say, hearing the application *de novo.* The course the court pursued has had the repeated approval of this court. Upon these appeals the court hears and considers all pertinent matters for the purpose of reaching an intelligent conclusion as to the legal propriety of the action of the commissioners. In this qualified sense, but in no other, is its hearing one *de novo.*"

The other addition to the statute, that the court "may reverse or affirm, wholly or partly, or may modify or revise" the decision of the commission, does not indicate a different intent. Under that provision, the court cannot, on an appeal, substitute its discretion for that vested in the liquor control commission; it can go no further than to make the decision of the commission conform to law or to a conclusion which is the only reasonable one upon the facts proven. *Colonial Beacon Oil Co.* v. *Zoning Board of Appeals,* 128 Conn. 351, 355, 23 Atl. (2d) 151.

As the appeal is not a transfer of jurisdiction from the commission to the court but a process for invoking the power of the court to decide whether, upon the facts it finds proven, the decision of the commission was unwarranted in law or in abuse of its discretion, the amendments to the act did not change the nature of the proceeding, and the appellant must allege in his appeal the grounds upon which he claims that he is

entitled to relief, as has been the accepted practice in all appeals of this nature. Practice Book, Forms 576 et seq.

There is error, the judgment is set aside and the case is remanded with direction to sustain the demurrer.

In this opinion the other judges concurred.