YELLOW MILL VILLAGE RESTAURANT, INC., ET AL. *v.* LIQUOR CONTROL COMMISSION.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued February 7—decided March 15, 1945.

*Michael Strauss,* for the appellants (plaintiffs).

*Frank J. DiSesa,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the appellee (defendant).

BROWN, J. The question determinative of this appeal is whether the trial court was warranted in its conclusion that the liquor control commission acted properly in revoking the restaurant liquor permit of the plaintiff Racz on the ground that she employed an unsuitable person in violation of § 466f of the 1941 Supplement to the General Statutes. The material facts in the court's finding, which is not subject to correction, may be thus summarized: Katherine Racz, hereinafter referred to as the plaintiff, had been since August, 1941, the holder of a restaurant liquor permit for the plaintiff corporation's restaurant in Bridgeport of which she was the manager. Section 14 of the defendant's regulations provides in part: "EMPLOYEES. Upon the submission of a renewal application, each permittee shall file with the Commission a list of the names, ages, addresses, and records of arrest, if any, of all persons engaged by him in the handling, distribution or sale of alcoholic liquors." Pursuant to this regulation, in her application to the defendant in August, 1943, for the renewal of her permit, the plaintiff gave such a list of employees. This included the name of Paul Szilagyi followed by the notation: "No arrests." When she filed this application she knew and understood the purport and requirements of the regulations. Pending decision upon her application, the defendant charged the plaintiff with violation of § 466f in employing Szilagyi, an unsuitable person, and, after due notice and hearing, revoked her permit on this ground. From this order the plaintiffs took their appeal to the Court of Common Pleas.

Szilagyi became an employee of the plaintiffs some-

time in 1942 and was engaged continuously thereafter in the handling, distribution and sale of alcoholic liquors on the permit premises. On April 15, 1937, Szilagyi had been arrested for violation of the Liquor Control Act in selling alcoholic beverages other than beer while operating as a tavern permittee for the sale of beer only. He was convicted, and upon appeal to the Court of Common Pleas the conviction was sustained and a fine of $100 and costs imposed, which he paid. Predicating its action upon this conviction and upon his abuse and violation of his permit, the defendant revoked it on May 17, 1937. In January, 1939, his application to the defendant for a restaurant beer permit was returned because the granting of a permit within two years of conviction was prohibited by § 1046c of the Cumulative Supplement of 1935, then in force. In December, 1940, the defendant, after considering in executive session Szilagyi's written request, made by his attorney, that he be allowed to work in this restaurant, then owned by others, "in the capacity of a bartender," denied it. In addition to the arrest above recited, Szilagyi was also arrested for violations of the Liquor Control Act on November 12, 1935, and April 29, 1936, though not convicted. On January 14, 1938, he was arrested upon a charge of assault upon his wife which was nolled, and on January 9, 1939, for nonsupport, and he was ordered to pay $20 per week. July 28, 1943, he was arrested for violation of dimout regulations and paid a fine of $25.

The plaintiff had known Szilagyi since 1935 and subsequent to that date she and he engaged in business transactions for their mutual benefit. Following the revocation of his tavern permit in 1937, she learned of it and of his having been held to be an unsuitable person to hold a liquor permit. She knew of these facts throughout the time that he was employed by

her, and of his unsuitability as an employee. Throughout this period she also knew of his domestic difficulties and of the arrests incident thereto. Notwithstanding the plaintiff's knowledge of these circumstances affecting his status as an employee upon the permit premises, she employed him to serve as bartender. This employment of him by the plaintiffs was without the knowledge, consent or approval of the defendant, which first learned of it upon reviewing the plaintiff's application of August, 1943, for the renewal of her permit.

The court concluded that the defendant's revocation of Szilagyi's tavern permit of 1937 constituted a finding and declaration of his unsuitability to handle, distribute or sell alcoholic liquors on permit premises; that the plaintiff by indorsing "No arrests" after his name, consciously and knowingly falsified her 1943 application; that the plaintiffs by hiring him as a bartender knowingly employed an unsuitable person in violation of Regulation 14 and § 466f; that their employment of him was a knowing and conscious effort on their part to avoid reasonable statutory and administrative regulations; and that the action of the defendant in revoking the plaintiff's permit for the reason set forth was not arbitrary, illegal, unreasonable or contrary to law. The ground upon which the plaintiffs rest their claim that this final conclusion was unwarranted and erroneous is that "They did not employ a person who is by statute or regulation declared to be an unsuitable person to hold a permit to sell alcoholic liquor." They do not question the validity of either the regulation or the statute, but take the position that, since the defendant expressly predicated its order upon a violation of the statute, and the declaration of Szilagyi's unsuitability specifically prescribed

by the statute as essential is lacking, the order was illegal and of no effect.

Section 466f provides: "EMPLOYEES. No person, who is, by statute or regulation, declared to be an unsuitable person to hold a permit to sell alcoholic liquor, shall be employed on any permit premises in this state where alcoholic liquors are sold for consumption thereon. . . ." Since there is no applicable statute which declares Szilagyi unsuitable within the terms of § 466f, the question is resolved to whether he was so declared by regulation. Section 14 of the regulations further provides: "No person who has been found by the Commission to be unsuitable under the Liquor Control Act shall be employed or engaged, either for hire or otherwise, in the handling, distribution or sale of alcoholic liquor under any permit." As pointed out by the plaintiffs in their brief, the primary meaning given under the definition of "declare" is "to make clear." Webster's New International Dictionary (2d Ed.). The regulation amounts to a declaration that no one who has been found an unsuitable person to hold a permit shall be employed in the handling, distribution or sale of liquor under a permit. As Szilagyi's own misconduct was the reason for the defendant's revocation of his permit in 1937, § 1055c of the 1935 Cumulative Supplement, by defining suitability of person as the issue upon an appeal from such a revocation, makes manifest that that revocation constituted a finding by the defendant that he was "unsuitable under the Liquor Control Act." As Szilagyi had thus been found by the commission to be an unsuitable person to hold a permit, the regulation disqualified him for employment on the plaintiffs' premises.

The plaintiffs, while expressly disavowing any claim that the regulation is invalid, contend that it should be construed as not forbidding the employment of any

person unless the commission, after hearing, finds him to be unsuitable as of the time of its determination of the employer's right to a renewal of his permit, upon his application containing the required information concerning employees. We can find no warrant for restricting the effect of the regulation to applications for the renewal of permits, or for so far usurping the functions of the commission in the making of regulations as such a construction would necessarily involve. Moreover, the primary issue before the commission was not the right of Szilagyi to work upon permit premises, but whether the permit of the plaintiff should be revoked. The plaintiff knew that Szilagyi's permit had been revoked on the ground of his unsuitability; she knew that he had been arrested for violations of the liquor laws, including one upon which he had been convicted; she knew that by the terms of the regulation he was an unsuitable person to be employed under her permit; and the trial court could properly conclude that it was in the effort to conceal that fact that she falsely stated in her application for a renewal that he had not been arrested. The court's conclusion that the commission acted properly and reasonably in revoking the plaintiff's permit must stand.

There is no error.

In this opinion the other judges concurred.