## BENJAMIN WALKER ET AL.
*vs.*
## LIQUOR CONTROL COMMISSION

Court of Common Pleas  New London County  File No. 10039

MEMORANDUM FILED APRIL 2, 1945.

*Coles & O'Connell*, of Bridgeport, for the Plaintiffs.

*Joseph P. Smith, Assistant Attorney General*, for the Defendant.

WALLER, J. This is an appeal from the action of the Liquor Control Commission in suspending the restaurant liquor permit issued to Benjamin Walker as permittee and London Terrace, Inc., as backer, the plaintiffs herein. It appears from the allegations in the pleadings that the permit was sus-

pended for a period of four weeks for the following reason: "violation of Sec. 985e of the 1939 Supplement to the General Statutes: permittee did refill bottles or containers of alcoholic liquors."

While section 463f of the 1941 Supplement to the General Statutes provides that upon appeal the reasons for the Commission's action may be received in evidence, there was no offer in evidence of a statement of the facts found proven on the hearing before it, with its conclusions upon them. Under the provisions of section 463f of the 1941 Supplement to the General Statutes, in an appeal of this nature, the issue is whether there was legal and reasonable ground for the action of the Commission, and the court in reaching its decision is not confined to "the facts actually or assumed to have been proven before the commission" but "upon the trial before it determines on the evidence duly presented to it what the facts are." *DeMond vs. Liquor Control Commission,* 129 Conn. 642; *Cripps vs. Liquor Control Commission,* 130 *id.* 693, 697, 698. It is true, however, that the plaintiffs have the burden of proving facts which show that the Commission's decision was unwarranted in law or was an abuse of discretion.

In the instant case the defendant produced only one witness, a United States inspector, who testified that he subjected a number of open bottles to the Williams test and out of twenty-four found fourteen to be irregular. This test was of a preliminary nature and was not sufficiently definite to establish that any of such open bottles had been partially or wholly refilled. The fourteen "irregular bottles" were sent by the inspector to the office of the United States Chemist at Boston for analysis. The defendant offered in evidence the report of the analyses made by the United States Chemist which was excluded on the ground that there was no sufficient foundation in evidence for the assumption that the bottles were the identical bottles taken from the plaintiffs' restaurant or that the liquid contained therein at the time the analyses were made was in the same condition as when the bottles were taken from plaintiffs' restaurant. The plaintiff permittee denied that he had partially or wholly refilled any open bottles or had so authorized any agent or servant to do so.

On the evidence, I am satisfied that the plaintiff permittee has established the fact that there was no refilling of open bottles by him or his servants or agents, and consequently it

is found that there was no reasonable and legal ground for the suspension of the permit by the Liquor Control Commission.

The appeal is therefore sustained.