ALFRED KANIA *v.* LIQUOR CONTROL COMMISSION

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued November 9—decided December 5, 1950

*Pasquale Vioni,* assistant attorney general, with whom, on the brief, was *William L. Hadden,* attorney general, for the appellant (defendant).

No appearance for the appellee (plaintiff).

INGLIS, J. The liquor control commission revoked the plaintiff's tavern permit because he had kept on his premises alcoholic liquor of a kind he could not legally sell under such a permit.

At the hearing before the commission held on October 17, 1949, it was undisputed that both whiskey and

gin had been found in back of the bar in the plaintiff's tavern on July 29, 1949, and that the plaintiff had made a practice of selling such liquor for about a month prior to that time. There was also evidence upon which the commission might reasonably have found that when an inspector visited the plaintiff's tavern three days before the hearing there was whiskey or gin on the premises which the plaintiff dumped before the inspector could seize it.

The Court of Common Pleas, as appears from the memorandum of decision, concluded that, while disciplinary action should be taken, the penalty of full revocation was unreasonable, arbitrary and excessive because this was the plaintiff's first offense "so far as the Commission is concerned."

It is undisputed that the plaintiff had violated the provisions of the Liquor Control Act relating to sales without a permit. General Statutes §§ 4303, 4311. Accordingly, it was within the power of the liquor control commission either to revoke or to suspend his permit. General Statutes § 4272. It had a discretion as to which course it would follow. *Pappas* v. *Liquor Control Commission*, 127 Conn. 721, 722, 18 A. 2d 397; *Rose* v. *Liquor Control Commission*, 124 Conn. 689, 690, 199 A. 925.

On an appeal from the liquor control commission, the Court of Common Pleas is empowered either to reverse or affirm wholly or partly or to modify or revise the decision appealed from. General Statutes § 4277. It may reverse or modify, however, only in the event that the commission has acted illegally or arbitrarily or in abuse of its discretion. *Wilks* v. *Liquor Control Commission*, 122 Conn. 443, 445, 190 A. 262; *Gwiazda* v. *Bergin*, 121 Conn. 705, 707, 185 A. 416. This rule applies when the commission has revoked or suspended a permit as well as when it has granted or denied one.

The only question in this case is whether the commission acted arbitrarily or unreasonably in deciding to revoke rather than suspend the plaintiff's permit. In view of all the facts which the commission might reasonably have found, including the fact that the plaintiff had persisted in his violation of the law even while his hearing was pending, the complete revocation of his permit was neither unreasonable nor arbitrary.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.