THE SERVICE REALTY CORPORATION *v.* PLANNING AND ZONING BOARD OF APPEALS OF THE TOWN OF GREENWICH

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, JS.

Argued October 6—decided November 9, 1954

*Halford W. Park, Jr.,* for the appellant (defendant).

*S. Floyd Nagle,* with whom was *William C. Strong,* for the appellee (plaintiff).

O'SULLIVAN, J. The basic question posed by this appeal is whether the zoning regulations of the town of Greenwich empower the defendant board to restrict the amount of permissible parking on a lot in a business zone as a condition to the granting of a special exception authorizing use of the premises for an automobile salesroom and a repair garage.

The facts are not in dispute. On April 30, 1952, the plaintiff owned a lot on the westerly side of Indian Field Road in Greenwich. The land was located within a so-called B-L (local business) zone. The lot had a street frontage of 156 feet, ran to a depth of approximately 170 feet, and abutted residential property on the south. On the date mentioned, the plaintiff applied to the defendant board for a special exception to erect on the lot an automobile salesroom and a repair garage. Authorization for these uses was sought under § 10 of the Greenwich building zone regulations, quoted in the footnote.[1] The board granted the application but

[1] "Sec. 10. USE REGULATIONS FOR B-L ZONES.

"a. The following principal uses are permitted . . . (4) . . . when authorized as special exceptions by the Board of Appeals and subject to such limitation on outside storage and repair of motor vehicles

imposed the condition, as one of several, that no outside parking upon the lot would be permitted. The plaintiff appealed from that decision to the Court of Common Pleas, which sustained the appeal on the ground that "it does not appear that the protection of the interests of [the plaintiff's] neighbors requires or justifies that no parking shall be permitted on the plaintiff's land" and that the prohibition of all parking was contrary to § 17 of the regulations.[2] The court then remanded the matter to the board for further consideration.

Subsequently, the board held another hearing on the plaintiff's application and again granted the special exception but on the modified condition that outside parking on the lot should be restricted to its westerly section. This would provide parking space for twenty-six automobiles. The number of spaces required by § 17 of the regulations, referred

---

as said Board may prescribe: automobile sales rooms, gasoline filling or service stations, public garages for the storage or repair of motor vehicles, and commercial parking lots."

[2] "Sec. 17. PARKING, GARAGES, AND LOADING SPACE.

. . . . .

"d. On lots used for business, trade, industry, hotel, or institutional use there shall be provided adequate space on the lot for loading and unloading of goods and materials.

"e. For any use which involves the assembling of persons at scheduled times or which involves in its operation customers, patrons, guests, employees, proprietors, or persons giving day to day personal attention to the conduct of the use, parking space together with exits and entrances adequate in the judgment of the Building Inspector shall be provided on the same lot as such use or on other property in the same ownership as said lot and within 1,000 feet from the main entrance of the building which houses the use measured along a street or way which gives access thereto. The Building Inspector shall be guided by the following general rules: . . . (5) For every other use as defined above, one parking space for every 500 square feet of floor area in the building housing the use.

"f. Yard space, as required by these regulations, may be used for loading, unloading and parking space."

to previously, is twenty-two. The condition imposed by the board will prohibit parking in an area containing about 5200 square feet.

The plaintiff again appealed to the Court of Common Pleas, claiming that the board had acted illegally, arbitrarily and in abuse of its discretion in imposing the condition as to parking. From the judgment of the court sustaining that appeal the board has appealed to this court.

The concept of zoning embodies a clash of conflicting forces. On the one hand is the common-law right of a man to use his land as he pleases, as long as that use does not create a nuisance. *Matter of Monument Garage Corporation* v. *Levy*, 266 N.Y. 339, 344, 194 N.E. 848. On the other hand is the effort of the lawmaking body, acting under the police power, to limit that use in order to promote the health, safety, morals and general welfare of the community. To resolve this conflict in such a manner as to afford necessary flexibility, zoning regulations customarily provide for a board of appeals, empowered, among other functions, to grant variances and special exceptions. Without this authorization to a board of appeals or to some similar agency, it would be difficult, if not impossible, to keep the law "running on an even keel" and to resist, with any assurance of success, attacks upon the constitutionality of the enactment. *St. Patrick's Church Corporation* v. *Daniels,* 113 Conn. 132, 139, 154 A. 343.

The regulations of the town of Greenwich follow the pattern of the aforementioned custom. They make provision for the defendant board and they set forth its powers. Greenwich Building Zone Regs., § 28 (1952). Among those enumerated therein is the power to grant variances and special exceptions.

The case at bar is concerned solely with the latter. In a recent case the distinction between the two was recognized and explained. *Mitchell Land Co.* v. *Planning & Zoning Board of Appeals,* 140 Conn. 527, 531, 102 A.2d 316. We stated (p. 532) that a variance is authority extended to the owner to use his property in a manner forbidden by the zoning enactment, while an exception allows him to put his property to a use which the enactment expressly permits. The right to attach reasonable conditions to the grant of a variance is not dependent upon express authorization from the lawmaking body. 1 Yokley, Zoning Law & Practice (2d Ed.) § 144; Bassett, Zoning, p. 128; 58 Am. Jur. 1046; see *Kelley* v. *Board of Zoning Appeals,* 126 Conn. 648, 652, 13 A.2d 675. Were this not so, the board, for lack of such right, might be forced, at times, to deny a variance and thus to perpetuate an owner's plight crying for relief. But as regards the authorization of a special exception a different situation prevails. As was further pointed out in the *Mitchell Land Co.* case (p. 532), the conditions permitting an exception must be found in the regulations themselves, and these conditions, if any, may not be altered. *Stone* v. *Cray,* 89 N.H. 483, 487, 200 A. 517; 58 Am. Jur. 1047.

The Greenwich regulations must be examined, then, to determine, in the first instance, whether authority to impose conditions when granting a special exception has been conferred upon the board and, if so, to what extent it runs. The board refers us to §§ 28(b)(3) and 10(a)(4) of the regulations to justify its actions in imposing the condition.

Section 28(b)(3)[3] recites that the board may at-

---

[3] "Sec. 28. PLANNING AND ZONING BOARD OF APPEALS.

. . . . .

"b. Procedure. . . . (3) All determinations of the Board of Appeals

tach to a granted special exception "appropriate conditions and safeguards in accordance with the public interest and the comprehensive plan set forth in these regulations, and in harmony with the purpose and intent expressed in Section 1 thereof."[4] The power thus conferred upon the board is not unlimit-

shall be made after public notice and hearing and subject to appropriate conditions and safeguards in accordance with the public interest and the comprehensive plan set forth in these regulations, and in harmony with the purpose and intent expressed in Section 1 thereof. The Board shall grant all applications for special exceptions, subject to the aforesaid conditions and safeguards, provided that the particular requirements hereinbefore specified in these regulations are met, and provided further that the Board shall find in each case that the proposed building or structures or proposed use of land: (a) Will not create or aggravate a traffic, explosion, fire, panic or other hazard. (b) Will not block or hamper the Town pattern of highway circulation. (c) Will not be detrimental to the neighborhood or its residents or alter the neighborhood's essential characteristics. (d) Will not create or aggravate a nuisance resulting from odors, fumes, smoke, waste, vibration, or noise."

[4] "Sec. 1. For the purpose of promoting the health, safety, morals and general welfare of the community; for the purpose of lessening congestion in the streets; for the purpose of securing safety from fire, panic and other dangers; for the purpose of providing adequate light and air; for the purpose of preventing the overcrowding of land and avoiding undue concentration of population; for the purpose of facilitating adequate provision of transportation, water, sewerage, schools, parks and other requirements; for the purpose of conserving the value of buildings and encouraging the most appropriate use of land throughout the town; for the purpose of providing for the public health, comfort and general welfare in living and working conditions; and for the purpose of regulating and restricting the location and use of buildings, structures and land for trade, industry, residence or other purposes; for the purpose of regulating and limiting the height and bulk of buildings hereafter erected, and for the purpose of regulating and determining the area of yards, courts and other open spaces for buildings hereafter erected; and in pursuance of authority conferred by Chapter 29 of the General Statutes, Revision of 1930 as amended and supplemented, and Special Act of 1933 as amended and supplemented, the Zoning Regulations of the Town of Greenwich are hereby amended and supplemented to read as follows:

"Twelve classes of zones are hereby established. . . ."

ed. It is, on the contrary, expressly circumscribed by the requirement that any condition imposed by the board upon the grant of a special exception shall, first, be in accordance with the public interest, second, be in accordance with the comprehensive plan found in the regulations and, third, be in harmony with the general purposes set forth in § 1. In other words, the conditions must meet all three standards. Whatever may be said as to its promotion of the public interest, the condition limiting the extent of parking upon the plaintiff's property is not only not in accordance with the comprehensive plan of zoning but is contrary to it. That plan, at least in the zone in which the property in question lies, is to take parking off the streets. Furthermore, the condition is directly at odds, rather than in harmony with, the general purpose, stated in § 1, "of lessening congestion in the streets." The authority of the board to impose the condition cannot be found in § 28(b)(3).

Nor does § 10(a)(4) empower the board to attach the condition to the grant. That section provides for the approval, as a special exception, of an automobile salesroom and garage "subject to such limitation on outside storage . . . as said Board may prescribe." In construing § 10(a)(4), we must remember that zoning regulations are in derogation of the rights attaching to private property and that they should not be extended beyond their fair import. *Langbein* v. *Board of Zoning Appeals,* 135 Conn. 575, 580, 67 A.2d 5. Applying this principle, we can reach no other conclusion than that the section under consideration did not empower the board to limit parking in any manner. The storage of automobiles must be distinguished from parking. "There is a substantial distinction, clearly cognizable, between the meaning of 'storage' and 'park-

ing.' One has a certain degree of permanency, while the other connotes transience." *Matter of Monument Garage Corporation* v. *Levy,* 266 N.Y. 339, 343, 194 N.E. 848. The language of the regulations may not be enlarged to include a subject matter which the words "outside storage" do not fairly embrace. In imposing the condition as to parking, the board, whether it acted under § 28(b)(3) or § 10(a)(4), or both, exceeded its authority, and the condition is of no force. *Matter of Small* v. *Moss,* 279 N.Y. 288, 296, 18 N.E.2d 281. The court was correct in sustaining the appeal and ordering the matter remanded to the board for further action.

There is no error.

In this opinion the other judges concurred.