# WALTER BONCAL v. LIQUOR CONTROL COMMISSION

BALDWIN, C. J., KING, MURPHY, SHEA and BORDON, Js.

Argued May 4—decided June 20, 1961

*William Dimenstein* and *George J. Grady,* for the appellant (plaintiff).

*Louis Weinstein,* assistant attorney general, with whom, on the brief, was *Albert L. Coles,* attorney general, for the appellee (defendant).

BALDWIN, C. J. On January 28, 1958, the liquor control commission, after a hearing (General Statutes § 30-55), revoked the restaurant liquor permit of the plaintiff for premises owned by him on Rubber Avenue in Naugatuck. The reasons assigned by the commission were: The plaintiff, in violation of General Statutes § 30-76, purchased beer for resale from a person who was holding neither a wholesaler permit nor a manufacturer permit; he allowed a disturbance or brawl on his premises and conducted the premises in such a way that they constituted a nuisance, in violation of § 204-10 of the commission's regulations (Conn. Dept. Regs. § 204-10); he refused, in violation of § 204-36 of the regulations, to co-operate with, or give information to, the police relating to a disturbance on his premises; he was not financially responsible. General Statutes § 30-47. The plaintiff appealed to the Court of Common Pleas, which sustained the commission's order of revocation. General Statutes § 30-60. The plaintiff has appealed from that judgment to this court.

The function of the trial court upon this appeal

was to determine whether the commission "has mistaken the law and so . . . acted illegally, or whether it has reached a conclusion untenable in the light of logic and reason and by so doing has arbitrarily abused its discretion." *Aminti* v. *Liquor Control Commission,* 144 Conn. 550, 553, 135 A.2d 595, and cases cited. The Liquor Control Act vests the commission with a liberal discretion. Id., 552; *Cusano* v. *Dunn,* 137 Conn. 20, 25, 74 A.2d 477. This discretion does not empower it, however, to act capriciously or arbitrarily. *Barnini* v. *Liquor Control Commission,* 146 Conn. 416, 420, 151 A.2d 697. Ordinarily, an appeal from the commission to the court is heard on the record before the commission. *Hoffman* v. *Kelly,* 138 Conn. 614, 619, 88 A.2d 382. However, the court, as in the case at bar, may admit additional testimony if it deems it necessary for a just determination of the issues. General Statutes § 30-60; *Hoffman* v. *Kelly,* supra.

The plaintiff claims that the commission's finding that he allowed a disturbance or brawl on his premises and that he failed to co-operate with the police is not supported by the evidence. Why and how the disturbance and brawl started and the details of what occurred were the subject of conflicting testimony. Section 204-10 of the regulations makes a permittee accountable for the conduct of his premises. The commission could have found that the plaintiff, for the purpose of borrowing $500, invited Michael Churchelow to his restaurant and that Churchelow arrived about 1:30 in the afternoon. Churchelow had a criminal record and was known by the plaintiff to be a troublemaker. Nevertheless, the plaintiff and William Petrovay, one of his employees, spent the afternoon with Churchelow, playing games and wagering drinks on the

outcome. By 7 o'clock in the evening, Churchelow had consumed from ten to twelve ounces of whiskey. An altercation began which resulted in an exchange of blows, and Petrovay was seriously injured. The police were called, but when they arrived the plaintiff appeared anxious to pass the matter off as of little consequence. He did not tell the police that Petrovay had been injured, although he knew that Petrovay was lying on the floor of the men's room, where he had, a few minutes previously, been pursued and beaten by Churchelow. The police who responded to the call conducted themselves in such an ineffective manner that they were later disciplined, after a hearing before the Naugatuck police commission. Churchelow was subsequently arrested, and he served a six-month jail sentence for his part in the fracas. The finding of the liquor control commission with respect to this feature of the case was supported by the evidence before it.

One of the claims made by the plaintiff is that the commission and the court should have considered the transcripts of the testimony before the Naugatuck police commission and at the trial of Churchelow in the Court of Common Pleas. These proceedings involved issues other than the fitness of the plaintiff to have a restaurant liquor permit, and the court was correct in ruling that the liquor control commission was not required to examine the transcripts and that they were not admissible as additional evidence on the hearing of this appeal in the Court of Common Pleas.

The plaintiff admitted to the commission at the hearing that he had been on the delinquent list for unpaid liquor bills. This made it impossible for him to make any purchases of intoxicating liquors without subjecting his permit, and the

permit of the seller, to revocation. General Statutes §§ 30-48, 30-49; Conn. Dept. Regs. §§ 204-25, 204-26. He had "borrowed" thirty cases of beer from a friend who operated a restaurant with a liquor permit and had agreed to return thirty cases when his name was removed from the delinquent list and he could again purchase beer. He refused to disclose the name of the person from whom he had borrowed the beer. He claims that this transaction was not illegal under General Statutes § 30-76, which requires a permittee such as the plaintiff to "purchase" from a manufacturer or wholesaler who has a permit under § 30-16 or § 30-17. The obvious intent of this provision is to prevent the acquisition of intoxicating liquors from improper sources. The effective enforcement of the laws and regulations relating to the purchase and sale of alcoholic beverages depends on a strict observance of § 30-76. The beer was borrowed for resale by the plaintiff. Title passed to him, and although payment was to be made in kind, the transaction was a purchase within the intent of the statute. *State* v. *Mitchell,* 156 N.C. 659, 661, 72 S.E. 632; 48 C.J.S. 373, § 240. The plaintiff takes nothing by this claim.

The plaintiff claims that the commission acted arbitrarily in concluding that he was not financially responsible and therefore was not qualified to have a permit. General Statutes § 30-47 gives to the commission the power to refuse a permit if the applicant appears to be "financially irresponsible" or "neglects . . . to pay his just debts." Sections 30-48 and 30-49 of the General Statutes and § 204-25 of the regulations place a strict limit on purchases on credit by a permittee. Section 30-55 of the General Statutes gives to the commission broad powers of revocation and suspension. The plaintiff argues

that he has a substantial equity in the premises which he owns and which were covered by the permit. That may be true, but he repeatedly neglected to pay his liquor bills within the time required by law. The commission could have found that between February 8 and July 8, 1957, he was posted twenty-one times as delinquent and that, to pay his liquor bills, he issued checks which were dishonored on five separate occasions. His financial standing was precarious, and the commission could find, as it did, that he was financially irresponsible.

The plaintiff argues that the penalty of revocation was too severe. The commission was not required to base its decision on any one of the alleged grounds; it could consider whether, individually or all together, they warranted a revocation. The penalty was within the power of the commission to impose, and we cannot say that it acted arbitrarily or illegally in ordering a revocation. *Gibson* v. *Connecticut Medical Examining Board,* 141 Conn. 218, 230, 104 A.2d 890; *Kania* v. *Liquor Control Commission,* 137 Conn. 327, 328, 77 A.2d 87.

We have reviewed the errors assigned in rulings on evidence and conclude that the rulings were correct and require no discussion.

There is no error.

In this opinion the other judges concurred.