DANIEL LONDON ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF STRATFORD ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued January 3—decided March 7, 1962

*John P. Maiocco, Jr.,* with whom, on the brief, was *Hugh A. Hoyt,* for the appellants (plaintiffs).

*Thomas B. Coughlin,* for the appellee (defendant Del Buono).

*Raymond B. Rubens,* for the appellee (named defendant).

SHEA, J. The plaintiffs have appealed from a judgment of the Court of Common Pleas dismissing their appeal from the action of the planning and zoning commission of Stratford in granting an application to change the zone of property owned by the defendant Robert Del Buono from retail commercial to waterfront business.

Del Buono is the owner of a parcel of land in Stratford consisting of 5.23 acres. Prior to February 1, 1960, all of this property was in a retail commercial district. On that date, an application was filed with the commission requesting a change of zone for .645 of an acre lying adjacent to the Housatonic River and Ferry Creek. The application was made to enable Del Buono to build a marina in a waterfront business district. The sale of alcoholic liquor is prohibited in such a district. Stratford Zoning Regs. § 8.1.7 (1957). The commission approved the change of zone. The remainder of Del Buono's land continued to be in a retail commercial district, where alcoholic liquor may be sold subject to the approval of the liquor control commission and the planning and zoning commission. Id. §§ 15.1, 15.8, 15.9, 7.1.7.

The plaintiffs have attacked the conclusion of the trial court that they were not aggrieved persons and therefore were not entitled to appeal from the

decision of the commission. In their amended complaint, the plaintiffs, twenty in number, alleged that they were resident taxpayers of the town of Stratford, that they were all engaged in the distribution of food and meals in that town and that they were aggrieved by the decision of the commission because the change of the zonal classification of Del Buono's property would depreciate the value of their own properties, create traffic hazards and constitute a menace to their health, safety and welfare. The burden of proving that the plaintiffs were aggrieved and entitled to appeal rested on them. *Langbein* v. *Planning Board,* 145 Conn. 674, 676, 146 A.2d 412. To be an aggrieved person within the provisions of General Statutes § 8-8, if traffic in intoxicating liquor is not involved, one must be specially and injuriously affected in his property rights or other legal rights. *Tyler* v. *Board of Zoning Appeals,* 145 Conn. 655, 662, 145 A.2d 832.

The decisive question on this appeal is whether the facts recited in the limited finding compelled a conclusion that the plaintiffs were aggrieved persons. Apparently, the basis of their aggrievement was the possibility that Del Buono, by operating a marina in a waterfront business district, might attract business to a restaurant which could be erected in the future on his adjoining property and in which liquor could be sold. This would create competition for the plaintiffs. One cannot qualify as an aggrieved person solely because the change of zone may permit the operation of a business in competition with him. *Zuckerman* v. *Board of Zoning Appeals,* 144 Conn. 160, 163, 128 A.2d 325; *Farr* v. *Zoning Board of Appeals,* 139 Conn. 577, 583, 95 A.2d 792.

The contention of the plaintiffs that the change of

zone involves traffic in liquor and that they are aggrieved persons within the rule of cases such as *Zuckerman* v. *Board of Zoning Appeals,* supra, 164, *Kamerman* v. *LeRoy,* 133 Conn. 232, 237, 50 A.2d 175, and *Beard's Appeal,* 64 Conn. 526, 533, 30 A. 775, is without merit. Although before the change of zone liquor could have been sold on the property affected, liquor cannot now be sold there because the sale of liquor is not permitted in a waterfront business district. Even if we assume that Del Buono may, at some future time, apply for a permit to sell liquor in a restaurant on his adjoining property, that possibility does not make the present change of zone one which involves the liquor traffic. If and when Del Buono does apply for such a permit, he must obtain the approval of the planning and zoning commission. Stratford Zoning Regs. § 15.1 (1957). That approval can be given only after a public hearing, at which the plaintiffs will have an opportunity to be heard. Ibid.

There is no error.

In this opinion the other judges concurred.