JOSEPH E. SPADARO *v.* LIQUOR CONTROL COMMISSION

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued October 3—decided November 6, 1962

*Louis Weinstein,* assistant attorney general, with whom, on the brief, was *Albert L. Coles,* attorney general, for the appellant (defendant).

*E. Gaynor Brennan,* with whom were *P. Benedict Fraser* and, on the brief, *E. Gaynor Brennan, Jr.,* for the appellee (plaintiff).

KING, J. The plaintiff conducted a restaurant in Greenwich, Connecticut, wherein liquor was sold under a restaurant permit issued to him by the liquor control commission, the defendant, under the provisions of General Statutes §§ 30-15 (e) (1) and 30-22 (1). On September 30, 1960, the commission, after a hearing, revoked the permit on the ground that the plaintiff, by himself, his servant or his agent, allowed "gambling (pool playing, horse betting)" in the restaurant in violation of the regulations of the commission. Conn. Dept. Regs. § 204-10. The plaintiff appealed from the order of revocation to the Court of Common Pleas under General Statutes § 30-60. That court determined that the finding of the commission that the plaintiff had violated § 204-10 of its regulations as alleged was reasonable and legal and should be sustained. Of this determination the plaintiff makes no complaint. The court further concluded, however, that the penalty of revocation was

so severe as to amount to an abuse of discretion. In consequence, the court sustained the appeal as to the penalty of revocation, only; affirmed the decision of the commission in all other respects; and remanded the matter to the commission with a direction that it impose a new penalty "consistent with the facts," that is, less severe than revocation. From that judgment the commission appealed to us, claiming that the Court of Common Pleas was in error in its conclusion that the commission should have imposed a penalty less severe than revocation.

At the outset, we are confronted with a claim by the plaintiff that the commission has no right of appeal to this court from an adverse decision of the Court of Common Pleas. The statute governing appeals to the Supreme Court of Errors is § 52-263, and it grants a right to appeal to any "party . . . aggrieved by the decision of . . . [a] court or judge." That the commission was aggrieved by the decision of the Court of Common Pleas setting aside the order of revocation is hardly open to question. See *Tyler* v. *Board of Zoning Appeals*, 145 Conn. 655, 658, 145 A.2d 832, and cases cited therein; *Aminti* v. *Liquor Control Commission*, 144 Conn. 550, 551, 135 A.2d 595 (a recent case in which the commission took an appeal to this court). The commission is entrusted with the duty of administering the laws regulating the liquor traffic, including the issuance, renewal, revocation or suspension of liquor permits. In so administering, the commission represents the interests of the inhabitants of the state and carries out the legislative purpose manifested by the General Assembly in enacting the Liquor Control Act, chapter 545 of the General Statutes. Indeed, there are few matters in which the public has a greater concern and interest than it

has in the control of the liquor traffic. *London* v. *Planning & Zoning Commission,* 149 Conn. 282, 284, 179 A.2d 614; *Tyler* v. *Board of Zoning Appeals,* supra, 660; *Beckanstin* v. *Liquor Control Commission,* 140 Conn. 185, 192, 99 A.2d 119; *Bania* v. *New Hartford,* 138 Conn. 172, 177, 83 A.2d 165. The case of *Woodruff* v. *Chapin,* 83 Conn. 330, 331, 76 A. 294, on which the plaintiff seems to place great reliance, does not support his position. The statute there involved (Public Acts 1909, c. 152; Rev. 1918, § 2728) provided that an appeal attacking the validity of a liquor-license election in a town should be taken to a judge of the Superior Court and that his decision "shall be conclusive." The quoted language was held to preclude an appeal to the Supreme Court of Errors. No language of any such purport exists in § 30-60, the statute authorizing an appeal from the commission to the Court of Common Pleas; in § 52-263, the statute authorizing an appeal to the Supreme Court of Errors; or elsewhere. The claim that the commission was not competent to take this appeal is without merit.

The commission claims that the action of the Court of Common Pleas with respect to the penalty imposed on the plaintiff amounted to an erroneous substitution of its discretion for that of the commission and that the court should have dismissed the appeal. The pertinent appeal statute (now § 30-60) was amended by § 463f of the 1941 Supplement to provide that the trial of the appeal to the Court of Common Pleas should be "de novo" and that the "court, upon such appeal and after a hearing thereon, may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from." The "de novo" provision, only, was eliminated by § 640h of the 1945 Supplement. The statute thereupon as-

sumed substantially its present form. Its history is well summarized in *Hoffman* v. *Kelly,* 138 Conn. 614, 619, 88 A.2d 382. At all times, it has been construed as providing that the Court of Common Pleas cannot disturb the decision of the commission unless that decision was arbitrary, illegal or so unreasonable as to constitute an abuse of discretion. *Skarzynski* v. *Liquor Control Commission,* 122 Conn. 521, 524, 191 A. 98 (decided under the statute as it stood prior to the 1941 amendment); *DeMond* v. *Liquor Control Commission,* 129 Conn. 642, 644, 30 A.2d 547 (decided under the statute as it stood after the 1941, but before the 1945, amendment); *Boncal* v. *Liquor Control Commission,* 148 Conn. 648, 650, 173 A.2d 593, *Aminti* v. *Liquor Control Commission,* 144 Conn. 550, 552, 135 A.2d 595, *Hoffman* v. *Kelly,* supra, 618, and *Kania* v. *Liquor Control Commission,* 137 Conn. 327, 328, 77 A.2d 87 (all decided after the 1945 amendment had changed the statute to substantially its present form).

The court's unattacked conclusion was that the commission properly decided that the plaintiff had allowed gambling in his restaurant in violation of the regulations of the commission. "The only question . . . is whether the commission acted arbitrarily or unreasonably in deciding to revoke rather than suspend the plaintiff's permit." *Kania* v. *Liquor Control Commission,* supra, 329; see cases such as *DeMond* v. *Liquor Control Commission,* supra; *Jaffe* v. *State Department of Health,* 135 Conn. 339, 353, 64 A.2d 330; *Watson* v. *Howard,* 138 Conn. 464, 469, 86 A.2d 67; *Guerriero* v. *Galasso,* 144 Conn. 600, 608, 136 A.2d 497.

The first reason of the court for determining that the penalty of revocation was an abuse of discretion was that the plaintiff did not personally conduct,

and was not personally involved in, the gambling operations. The commission had not based its action on the ground that the plaintiff was personally involved in any gambling operations but on the ground that he allowed them. The plaintiff's own testimony before the commission was: "[W]hen we found out what was going on [gambling] I didn't know how to stop it." This testimony certainly gave no adequate support for the conclusion of the court that the decision of the commission to revoke, rather than to suspend, the plaintiff's permit was unreasonable or arbitrary. See cases such as *Boncal* v. *Liquor Control Commission,* supra, 651.

The second reason given by the court for its decision was that to deprive the plaintiff of his liquor permit would be tantamount to destroying his restaurant business. This reason was wholly unsupported by any evidence. Even if the court could judicially notice the fact that the loss of the liquor permit would probably injure the plaintiff's business, it could not, without any evidence, find that the extent of that injury would be the destruction of the business, nor could the court find the length of time which would be required for such a result, if, in fact, it would ever occur. Furthermore, there is no basis for the conclusion, implicit in the judgment of the court, that a suspension of the plaintiff's liquor permit for a substantial period would not be as likely to destroy his restaurant business as the outright revocation. Indeed, there is nothing to indicate that the revocation would deprive the plaintiff of a liquor permit either permanently or for a time much over one year. See General Statutes § 30-40. The commission, by its order of revocation, impliedly found that the plaintiff was at that time an unsuitable person to be a permittee. *Yellow Mill*

*Village Restaurant, Inc.* v. *Liquor Control Commission,* 131 Conn. 696, 700, 42 A.2d 39.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion BALDWIN, C. J., SHEA and ALCORN, Js., concurred.

MURPHY, J. (dissenting). I do not agree that there was no adequate support for the conclusion of the court that the decision of the commission to revoke, rather than suspend, the plaintiff's permit was unreasonable or arbitrary. On the record before the commission, its action was a clear abuse of discretion. The punishment should fit the offense. The court, having determined that the commission acted arbitrarily and in abuse of its discretion, should have revised or modified the order of the commission, as the court is empowered to do under General Statutes § 30-60. *Kania* v. *Liquor Control Commission,* 137 Conn. 327, 328, 77 A.2d 87; see *Suffield Heights Corporation* v. *Town Planning Commission,* 144 Conn. 425, 428, 133 A.2d 612.

Authority for the remand by the court to the commission for a revision of the penalty can be found in *Hoffman* v. *Kelly,* 138 Conn. 614, 620, 88 A.2d 382, and *Service Realty Corporation* v. *Planning & Zoning Board of Appeals,* 141 Conn. 632, 639, 109 A.2d 256. Under the circumstances, I feel that the action of the court was permissible although not strictly in conformity with the statute, which gives the court the power to make the revision or modification.