STANLEY PAWLOWSKI ET AL. *v.* PLANNING AND ZON-
ING COMMISSION OF THE TOWN OF ELLINGTON ET AL.

KING, C. J., ALCORN, HOUSE, COTTER and THIM, Js.

Argued November 13—decided December 17, 1968

*Phillip E. Tatoian, Jr.,* with whom, on the brief, was *Phillip E. Tatoian,* for the appellants (plaintiffs).

*Jerome I. Walsh,* for the appellee (named defendant).

*Etalo G. Gnutti,* for the appellees (defendant Sweet et al.).

PER CURIAM. The planning and zoning commission of the town of Ellington granted a special exception for the establishment of a sanitary landfill disposal operation on a twenty-seven-acre tract of land in an industrial zone. The plaintiffs, who own property in the area, have appealed from a judgment of the Court of Common Pleas dismissing their appeal.

On the present appeal, the plaintiffs seek to correct the finding by requesting the inclusion of certain paragraphs of the draft finding which they

claim are undisputed. The plaintiffs, however, cannot succeed in this attempt because of their failure to include in the appendix to their brief anything which shows that the facts sought to be included were admitted or undisputed within the rule of cases such as *Brown* v. *Connecticut Light & Power Co.,* 145 Conn. 290, 293, 141 A.2d 634.

The plaintiffs claim that the trial court committed error by concluding that they were not aggrieved persons. The decisive issue on this appeal is whether the facts recited in the limited finding compelled the conclusion that the plaintiffs were aggrieved.

It would serve no useful purpose to recount the relevant facts. It is sufficient to note that the finding reasonably supports the conclusion of the trial court that the plaintiffs were not aggrieved, and that conclusion should not be disturbed by us. See *Josephson* v. *Planning Board,* 151 Conn. 489, 492, 199 A.2d 690; *London* v. *Planning & Zoning Commission,* 149 Conn. 282, 284, 179 A.2d 614.

There is no error.