VERNON J. SUMARA *v*. LIQUOR CONTROL COMMISSION

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued April 10—decided May 4, 1973

*Richard M. Sheridan,* assistant attorney general, with whom, on the brief, was *Robert K. Killian,* attorney general, for the appellant (defendant).

*Jerome I. Walsh,* with whom was *Craig F. White,* for the appellee (plaintiff).

HOUSE, C. J.   The defendant liquor control commission, after notice and a hearing held June 18, 1970, found that the plaintiff had violated two conditions of holding a liquor permit and suspended his permit for a period of thirty days on each charge. The suspensions were to run concurrently. The first charge alleged violation of § 30-6-A24 of the commission's regulations, in that the plaintiff permitted "a disturbance, brawl, unlawful conduct upon the permit premises" and permitted the premises "to be conducted in such a manner as to constitute a nuisance." The second charge concerned the plaintiff's conviction on a charge of breach of the peace. At the hearing on these charges, the plaintiff appeared pro se.

As permitted by § 30-60 of the General Statutes, the plaintiff appealed to the Court of Common Pleas. In its judgment that court found that the first violation charged was not sustained by competent evidence and that the second violation charged, while supported by evidence, was not such as to merit a thirty-day suspension. The court thereupon imposed the substituted penalty of suspension for ten days. From that judgment, the defendant commission has appealed to this court. The trial court filed no finding in connection with the appeal.

The first assignment of error claims that the court erred in holding that the commission's finding that the plaintiff had violated one of its regulations was not sustained by competent evidence. The evidence presented at the hearing before the commission as printed in the appendices to the briefs reveals that the chief of police of the town of Coventry testified as to facts within his own knowledge and also to facts disclosed by records of the police department relative to incidents concerning the plaintiff. The records themselves were not offered in evidence, nor did witnesses with personal knowledge of all of the events testified to from the police records testify. The only other evidence was the testimony of the plaintiff himself. He made no effort to challenge the testimony of the chief of police through cross-examination, testimony of other witnesses or objection to the evidence. On the appeal the Court of Common Pleas relied on the provisions of § 30-60[1] of the General Statutes and in its memorandum of decision stated: "The application of this rule results in almost a complete disregard of the testimony of the Chief of Police as to proof of instances of conduct of the permit premises and nuisances." In the absence of a finding, we have no indication as to what portions of the testimony of the chief of police were considered by the court and what were

---

[1] "[General Statutes] Sec. 30-60. APPEAL. . . . Upon such appeal, a transcript of the hearing shall be certified to the court by the commission and the court shall admit so much thereof as is legally competent, relevant and material to the issue within the rules of evidence. . . ."

It is to be noted that the hearing and appeal in this case were not governed by the provisions of the Uniform Administrative Procedure Act (General Statutes §§ 4-166 to 4-185, 1971 Noncumulative Supplement), which was not applicable to proceedings pending on January 1, 1972.

disregarded and, as we have already noted, the record does not disclose that any objection was ever raised to the admission of any of the evidence. In these circumstances, we do not have a record adequate to discover what evidence the court considered and what it excluded. Without knowledge of what were the specific evidentiary rulings of the court, we cannot determine whether its rulings were correct.

An examination of the evidence printed in the appendices to the briefs does disclose that some of the testimony of the chief of police might well, on proper objection, have been subject to exclusion as hearsay but even if that evidence were disregarded it appears that sufficient competent evidence remained to sustain the commission's conclusion that its regulations[2] had been violated. The chief of police had personal knowledge of at least one of the incidents to which he testified and he stated the reasons why the plaintiff's premises as operated constituted a nuisance. In addition, the plaintiff also confirmed the testimony of the chief of police as to at least two incidents which occurred at the permit premises, to at least one failure to summon the police, and to have omitted the mention of two arrests from the form on which he applied for a renewal of his permit. So far as the record discloses, this evidence was all competent, relevant and material to the issues involved in the hearing before the commission regardless of what hearsay may have been admitted without objection. It alone was

---

[2] "[Regs. Conn. State Agencies (Liquor Control Commission)] Sec. 30-6-A24. CONDUCT OF PERMIT PREMISES. (a) No disturbances, . . . brawls, . . . unlawful conduct . . . shall be permitted or suffered upon any permit premises, nor shall such premises be conducted in such a manner as to constitute a nuisance."

sufficient to support the commission's conclusion on the first charge. The commission is vested with a wide discretion which should not lightly be disregarded. See *Dadiskos* v. *Liquor Control Commission,* 150 Conn. 422, 425, 190 A.2d 490; *Boncal* v. *Liquor Control Commission,* 148 Conn. 648, 650, 653, 173 A.2d 593. We conclude that the court erred in finding that no competent evidence supported the commission's conclusion that violations had occurred as alleged in the first charge.

On the second charge, the court found that the evidence did support the commission's conclusion that the plaintiff's conviction for breach of the peace and his failure to disclose under oath his arrests for intoxication and for resisting an officer were sufficient cause for a suspension but decided that a suspension of thirty days was too severe and substituted a penalty of suspension for ten days. In thus changing the penalty, the court apparently relied upon the following language in § 30-60 of the General Statutes: "The court, upon such appeal and after a hearing thereon, may reverse or affirm, wholly or partly, or may modify or revise the decision appealed from." While at first glance the quoted portion of the statute would seem to authorize the reviewing court to substitute its judgment as to a proper penalty for that of the commission, an examination of the history of the statute and the cases arising under it over a period of forty years compels the conclusion that the sole function of the reviewing court is to determine whether the commission acted arbitrarily, illegally or in abuse of its discretion; if it so finds, then, and only then, may it reverse, remand, or modify the decision and then only in order to make it conform to law.

The Liquor Control Act was first enacted in 1933. The section allowing appeals by an aggrieved permittee (Cum. Sup. § 1055c), on its face, apparently provided for an unlimited review of the commission's decisions: the court was to decide whether "the appellant . . . [was] a suitable person to sell alcoholic liquor." The statute was amended in 1941 (Sup. 1941, § 463f) when it was provided that "the trial shall be de novo." The provision presently in § 30-60 relating to the court's power to "modify or revise the decision appealed from" also was added at that time. In 1945, the section was again amended. The "de novo" feature was deleted; the sentence directing the reviewing court to consider only competent evidence was added; and the reviewing court was empowered to hear new evidence, in some circumstances. Sup. 1945, § 640h. The 1945 statute is, in relevant part, identical to the present § 30-60.

Throughout the evolution of the statute, this court has, for constitutional reasons, enunciated a consistent standard for judicial review. The reasoning is clearly and carefully posited in *DeMond* v. *Liquor Control Commission*, 129 Conn. 642, 30 A.2d 547, where Chief Justice Maltbie pointed out that the granting, revocation and suspension of liquor permits were primarily administrative functions in the exercise of the executive power of government, and if a court were to substitute its discretion for that of the commission, it would be unconstitutionally exercising an executive function. The phrase "may modify or revise" has accordingly been interpreted narrowly in order to conform to constitutional limitations. "Under that provision, the court cannot, on an appeal, substitute its discretion for that vested in the liquor control commission; it can

go no further than to make the decision of the commission conform to law or to a conclusion which is the only reasonable one upon the facts proven." *DeMond* v. *Liquor Control Commission,* supra, 646. Thus, if the commission were empowered by statute to exact only ten-day suspensions, and if a permit were suspended for thirty days, then the reviewing court could modify the judgment accordingly. We note that even when the review was in the nature of a trial de novo, the court was not thereby empowered to substitute its judgment, but was empowered only to receive extrinsic evidence to determine whether the commission acted illegally. *Cripps* v. *Liquor Control Commission,* 130 Conn. 693, 698–99, 37 A.2d 227; see also *Spadaro* v. *Liquor Control Commission,* 150 Conn. 68, 186 A.2d 76; *Aminti* v. *Liquor Control Commission,* 144 Conn. 550, 552–53, 135 A.2d 595; *Kania* v. *Liquor Control Commission,* 137 Conn. 327, 328, 77 A.2d 87.

In the case before us, there is no basis for concluding that the commission acted illegally, arbitrarily or in abuse of the legal discretion vested in it as an administrative agency. Its conclusion that a thirty-day suspension under the second charge was proper under the circumstances is supported by evidence, and, so far as the record discloses, does not violate any statutory authority. The court, therefore, erred in substituting its judgment as to a proper penalty for that of the commission. See *Spadaro* v. *Liquor Control Commission,* supra; *Boncal* v. *Liquor Control Commission,* 148 Conn. 648, 173 A.2d 593; *Hoffman* v. *Kelly,* 138 Conn. 614, 617–18, 88 A.2d 382.

The plaintiff has briefed an argument that the notice of the hearing before the commission was

inadequate. He was, however, the appellee before this court, and neither a cross appeal nor any assignment of error was filed by him with respect to this or any other issue. The record, devoid of findings and conclusions, does not indicate that the trial court was called on to consider or did consider the issue of notice. The defendant commission, which, as appellant, was required to file its brief first, was not informed of and naturally did not meet the plaintiff's undisclosed contention. Under these circumstances, we do not consider this argument of the appellee. *Rizzo* v. *Price*, 162 Conn. 504, 512–13, 294 A.2d 541; cf. *DiSesa* v. *Hickey*, 160 Conn. 250, 262–63, 278 A.2d 785.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.