KENNETH H. SUPRENANT ET AL. *v.* COMMISSIONER
OF WELFARE

SUPERIOR COURT        HARTFORD COUNTY        FILE NO. 114877

Memorandum filed December 30, 1958

*Arthur H. Ratner,* of New Haven, for the plaintiffs.

*John J. Bracken,* attorney general, *Ernest H. Halstedt,* assistant attorney general, and *Richard E. Rapuano,* special assistant, for the defendant.

FITZGERALD, J.  The plaintiffs are husband and wife and parents of Kenneth Suprenant, a minor, born July 11, 1952.  On September 26, 1958, the Juvenile Court for the state of Connecticut, third district, upon hearings held, found that said minor child was neglected and uncared for and entered an order placing the care and custody of the child in the commissioner of welfare of the state of Connecticut.  The plaintiffs claim to be aggrieved by such order and have appealed therefrom to this court under the statute.

The hearings on the appeal occupied the better part of the afternoons of November 20 and December 4, 1958.  They were informal and the method of

procedure followed was that outlined in § 257 of the Practice Book. In addition to the admission of the case history and records of investigation, counsel for the plaintiffs was permitted to examine some of the investigators whose reports were before the court. So, also, the court was accorded the benefit of the testimony of the appealing parents and of certain other witnesses, including the paternal grandparents of the child.

Section 2802 of the 1949 Revision defines with meticulous care the terms "uncared-for child" and "neglected child." With those definitions in mind, the court has examined the entire record before it as well as the testimony offered at the two hearings on the appeal. It is the court's considered opinion that a finding in the way of an ultimate fact that the child in question was either "uncared-for" or "neglected" is not warranted and cannot be justified. Granting that the plaintiffs were, if anything, too young when they married on November 29, 1951, and granting that for a considerable period thereafter they reflected a kind of emotional instability that can be found even in many older married persons, and granting further that the plaintiff mother in 1957 instituted an action for divorce against the plaintiff father which was withdrawn on the threshold of trial because of an effected reconciliation, the fact remains that the child never acquired the status of an uncared-for or neglected child within the meaning of the statutory definitions of those terms. From the record as a whole, including testimony presented to the court, it can be found that there exists a genuine affection on the part of the plaintiffs for their child and on the part of the child for his mother and father.

The introductory sentence contained in § 257 of the Practice Book states that "The hearing [on appeal from the Juvenile Court] shall be a trial de

novo." Nevertheless, it would appear that the issue presented for determination is still whether there was legal and reasonable ground for the action of the court below in the light of the record as a whole, including any other pertinent evidence admitted in this court as a guide for the purpose of reaching a proper conclusion. Note the discussion by the Supreme Court in *DeMond* v. *Liquor Control Commission,* 129 Conn. 642, 645-646, in considering the scope of the expression in the statute concerning an appeal to the court under the Liquor Control Act, which then contained the provision (subsequently repealed) that on such appeal "the trial shall be de novo." General Statutes, Sup. 1941, § 463f; Sup. 1945, § 640h.

In view of the foregoing, judgment may enter sustaining the appeal with direction that custody of the child in question be returned to the plaintiffs, his parents.